**11 CIV 1117**

JUDGE RAKOFF

Hope Pordy
Adrienne Saldaña
Yvonne L. Brown
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*



RECEIVED
FEB 17 2011
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------:

Alfonso Ayala Delgado, Leonides Basurto Antonio,
Mario Bautista Gonzalez, Efren Caballero de Jesus,
Rigoberto Candido Anastacio, Salvadore de Jesus
Victoriano, Brigido Juarez Bautista, Hermenegildo
Placido Cano, Ricardo Placido Cano, Camilo Ramos
Flores, Justino Ramos Flores, Edgar Ramos
Lazaro, Antonio Rivera Ramos, Crisantos Rivera
Ramos, and Saul Vasquez Martines a/k/a
Rodrigo Basurto Antonio,

                                Plaintiffs,                    **COMPLAINT**

            v.                                                 Case No.

D & D Thai Restaurant Corp. d/b/a Land Thai Kitchen,
BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai,
Vanida Restaurant, Inc. d/b/a Recipe, David Bank,
Vanida Bank, John Doe Chef/Manager #1 a/k/a "Krit,"
John Doe Chef/Manager #2 a/k/a "Bobby," John Doe
Chef/Manager #3 a/k/a "Johnny,"

                                Defendants.

----------------------------------------------------------------------:

        Plaintiffs Alfonso Ayala Delgado, Leonides Basurto Antonio, Mario Bautista Gonzalez,

Efren Caballero de Jesus, Rigoberto Candido Anastacio, Salvadore de Jesus Victoriano, Brigido

Juarez Bautista, Hermenegildo Placido Cano, Ricardo Placido Cano, Camilo Ramos Flores,

Justino Ramos Flores, Edgar Ramos Lazaro, Antonio Rivera Ramos, Crisantos Rivera Ramos,

and Saul Vasquez Martines a/k/a Rodrigo Basurto Antonio (collectively, "Plaintiffs"), through

their attorneys, Spivak Lipton LLP, allege as follows:

## NATURE OF ACTION

1.     This action seeks monetary, declaratory and injunctive relief to redress violations

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; the New York Labor Law

("NYLL"), §§ 190, 650 et seq.; and supporting regulations.

2.     Defendants are owners, operators, and/or managers of one or more of three

Manhattan restaurants:  Land Thai Kitchen, Recipe, and Land NorthEast Thai (collectively

"Defendants' restaurants").

3.     Plaintiffs have worked in food delivery and/or as kitchen helpers at one or more

of Defendants' restaurants at various times from 2005 to the present.

4.     Defendants have willfully engaged in violations of the FLSA and NYLL by: (a)

failing to pay Plaintiffs wages at the minimum hourly rate required under federal and state law,

(b) failing to pay Plaintiffs overtime compensation at one and one-half times their regular rate of

pay for time worked in excess of 40 hours, (c) failing to pay Plaintiffs "spread of hours pay" as

required by N.Y. Comp. Codes R. & Regs tit. 12, §137-3.11, as amended effective January 1,

2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.6 (2010), for each day of work which

Plaintiffs' spread of hours exceeded ten, (d) failing to reimburse Plaintiffs for all expenses

associated with the performance of their duties on behalf of Defendants, and (e) retaining a

portion of credit card gratuities earned by Plaintiffs.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §

216(b) and 28 U.S.C. §§ 1331 and 1337.

6.      Pursuant to 29 U.S.C. § 216(b), Plaintiffs have consented in writing to become parties to this lawsuit. Plaintiffs' executed consent forms are attached hereto as Exhibit A.

7.      This Court has jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiffs' FLSA claims as to form parts of the same case or controversy under Article III of the United States Constitution.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202.

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

Corporate Defendants

10.     D & D Thai Restaurant Corp. is a domestic business corporation registered as doing business in New York with its principal office listed as 450 Amsterdam Avenue, New York, NY.

11.     David N. Bank is Chairman or Chief Executive Officer of D & D Thai Restaurant Corp.

12.     At all relevant times, D & D Thai Restaurant Corp. has conducted business under the trade name "Land Thai Kitchen."

13.     D & D Thai Restaurant Corp., d/b/a Land Thai Kitchen (herein "LTK") is a restaurant which prepares and offers food and beverages for consumption on premises and for take-out or delivery, located at 450 Amsterdam Avenue, New York, NY.

3

14.     Upon information and belief, LTK has been an enterprise engaged in commerce in that it (i) has had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes.  29 U.S.C. § 203(s)(1)(A).

15.     BZ Thai Restaurant, Inc. is a domestic business corporation registered as doing business in New York with its principal office listed as 1565 Second Avenue, New York, NY.

16.     Vanida Bank is Chairman or Chief Executive Officer of BZ Thai Restaurant, Inc.

17.     At all relevant times, BZ Thai Restaurant, Inc. has conducted business under the trade name "Land NorthEast Thai."

18.     BZ Thai Restaurant d/b/a Land Northeast Thai (herein "LNT") is a restaurant which prepares and offers food and beverages for consumption on premises and for take-out or delivery, located at 1565 Second Avenue, New York, NY.

19.     Upon information and belief, LNT is an enterprise engaged in commerce in that it (i) has had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes.  29 U.S.C. § 203(s)(1)(A).

20.     Vanida Restaurant, Inc. is a domestic business corporation registered as doing business in New York with its principal office listed as 452 Amsterdam Avenue, New York, NY.

21.     Vanida Bank is the Chairman or Chief Executive Officer of Vanida Restaurant, Inc.

22.     At all relevant times, Vanida Restaurant, Inc. has conducted business under the trade name "Recipe."

23.     Vanida Restaurant, Inc. d/b/a Recipe (herein "Recipe") is a restaurant which prepares and offers food and beverages for consumption on premises and for take-out or delivery, located at 452 Amsterdam Avenue, New York, NY.

24.     Upon information and belief, Recipe is an enterprise engaged in commerce in that it (i) has had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes.  29 U.S.C. § 203(s)(1)(A).

25.     Upon information and belief, LTK, LNT and Recipe (collectively referred to herein as "Corporate Defendants") have performed related activities for a common business purpose and therefore together constitute an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

26.     Upon information and belief, Corporate Defendants have had common policies and procedures, are operationally interdependent, and use a centralized and/or joint administrative structure.

27.     At all relevant times, Corporate Defendants have interchanged personnel.

28.     At all relevant times, Corporate Defendants have been an enterprise engaged in commerce in that collectively they (i) have had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) have had an annual

gross volume of sales of not less than $500,000 exclusive of excise taxes.  29 U.S.C.

§ 203(s)(1)(A).

Owner/Operator Defendants

29.     Upon information and belief, Defendants David Bank and his wife Vanida Bank

own all or part of LTK, LNT and Recipe.

30.     David Bank and Vanida Bank are sued individually in their capacity as

employers.

31.     At all relevant times, David and Vanida Bank have directed the operation of and

exercised financial control over LTK, LNT and Recipe.

32.     At all relevant times, David and Vanida Bank have promulgated the employment

policies of LTK, LNT and Recipe.

33.     At all relevant times, David and Vanida Bank have exercised direct control over

Plaintiffs employed at LTK, LNT and Recipe, by directing Plaintiffs' work, and overseeing the

computation and distribution of Plaintiffs' wages and the making of employee schedules.

34.     At all relevant times, David and Vanida Bank have had the power to hire and fire

Plaintiffs.

35.     For example, David and Vanida Bank jointly hired Camilo Ramos.  David Bank

fired Plaintiff Alfonso Ayala Delgado. Wendy Bank rehired Plaintiff Edgar Ramos Lazaro.

36.     At all relevant times, Defendants David and Vanida Bank have had the power to

control the terms and conditions of Plaintiffs' employment at LTK, LNT, and Recipe, including

Plaintiffs' hours of work, meals, breaks and duties.

37.     At all relevant times, Defendants David and Vanida Bank have had the power to

determine or change the rate and methods of Plaintiffs' compensation.

38.     At all relevant times, Defendants David and Vanida Bank have had the power to maintain employment records concerning Plaintiffs and to comply with wage and hour laws.

Chef/Manager Defendants

39.     Defendant John Doe Chef/Manager #1 (aka "Krit") has been an on-site Chef and Manager at LTK. He is sued individually in his capacity as an employer.

40.     Defendant John Doe Chef/Manager #2 (aka "Bobby") has been an on-site Chef and Manager at LTK during all relevant times since on or about September 8, 2010. He is sued individually in his capacity as an employer.

41.     Defendant John Doe Chef/Manager #3 (aka "Johnny") has been an on-site Chef and Manager at Recipe. He is sued individually in his capacity as an employer.

42.     Defendants John Doe Managers #1 through #3 are hereafter referred to as the "Chef/Managers."

43.     At all relevant times, Defendant Chef/Managers supervised Plaintiffs employed at LTK, LNT and/or Recipe, including kitchen helper Plaintiffs and delivery worker Plaintiffs.

44.     At all relevant times, Defendant Chef/Managers exercised direct control over Plaintiffs employed at LTK, LNT and/or Recipe, by directing Plaintiffs' work, distributing Plaintiffs' wages and making employee schedules.

45.     At all relevant times, Defendant Chef/Managers had the power to hire and fire Plaintiffs employed at LTK, LNT and/or Recipe.

46.     At all relevant times, Defendant Chef/Managers had the power to control the terms and conditions of Plaintiffs' employment at LTK, LNT, and/or Recipe, including Plaintiffs' hours of work, meals, breaks and duties.

47.     At all relevant times, Defendant Chef/Managers had the power to determine or change the rate and methods of Plaintiffs' compensation at LTK, LNT and/or Recipe.

48.     At all relevant times, Defendant Chef/Managers had the power to maintain employment records concerning Plaintiffs and to comply with wage and hour laws.

Plaintiffs

49.     Alfonso Ayala Delgado is an adult individual residing in New York, NY.  He was employed in food delivery at LTK from approximately September 2006 through June 2008.

50.     Leonides Basurto Antonio is an adult individual residing in New York, NY.  He was employed as a dishwasher and then as a kitchen helper at LTK from approximately May 2008 through May 2009.  Thereafter, he worked as a kitchen helper at Recipe for approximately three months.

51.     Mario Bautista Gonzalez is an adult individual residing in Bronx, NY.  He was employed in food delivery at LTK from approximately February 2010 through June 2010.  He was employed in food delivery at LTE from approximately June 2010 until September 2010.

52.     Efren Caballero de Jesus is an adult individual residing in New York, NY.  He was employed in food delivery at LTK from approximately May 2009 through July 2009.

53.     Rigoberto Candido Anastacio is an adult individual residing in New York, NY.  He has been employed in food delivery at LTK from approximately September 2005 through January 2007, and October 2008 through the present.

54.     Salvadore de Jesus Victoriano is an adult individual residing in Bronx, NY.  He has been employed as a kitchen helper at Recipe from approximately April 2010 through the present.

55.     Brigido Juarez Bautista is an adult individual residing in New York, NY.  He has

been employed in food delivery at LTK from approximately January 2010 through the present.

56.     Hermenegildo Placido Cano is an adult individual residing in Bronx, NY. He has been employed as a dishwasher, a delivery packer, and as a kitchen helper as follows: (a) from approximately September 2005 through approximately May 2007 at LTK; (b) from approximately August 2007 through October 2009 at LNT or LTK; and (c) from approximately November 2009 through the present at LTK.

57.     Ricardo Placido Cano is an adult individual residing in New York, NY. He has been employed as follows: (a) from approximately February 2008 through October 2008, as a delivery packer at LNT; (b) from approximately April 2009 through the present, in food delivery at LTK, except that for approximately one month in about May 2009 he worked as a kitchen helper at Recipe.

58.     Camilo Ramos Flores is an adult individual residing in New York, NY. He has been employed in food delivery at LTK from approximately December 2009 through the present, except that for approximately two weeks in December 2009 he worked in food delivery at Recipe.

59.     Justino Ramos Flores is an adult individual residing in New York, NY. He has been employed in food delivery at LTK from approximately October 2008 through the present. Mr. Ramos also worked for short periods of time at Recipe.

60.     Edgar Ramos Lazaro is an adult individual residing in New York, NY. He has been employed in food delivery at LTK from approximately June 2007 through September 2008 and from approximately August 2009 through the present.

61.     Antonio Rivera Ramos is an adult individual residing in New York, NY. He has been employed in food delivery at LTK from approximately May 2007 through the present.

62.     Crisantos Rivera Ramos is an adult individual residing in New York, NY. He has been employed in food delivery at LTK from approximately September 2005 through January 2007 and from approximately October 2008 through the present.

63.     Saul Vasquez Martines a/k/a Rodrigo Basurto Antonio is an adult individual residing in New York, NY. He has been employed at LTK, first as a dishwasher and then as a kitchen helper from approximately June 2009 through the present. He was employed to clean the kitchen at Recipe for approximately one month in May 2009.

64.     Plainitiffs are hereafter referred to as "delivery worker Plaintiffs" or "kitchen helper Plaintiffs."

## STATEMENT OF FACTS

65.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, the NYLL and supporting regulations. 29 U.S.C. §203(d), N. Y. Lab. Law §§190(3) and 651(6).

66.     At all relevant times, Plaintiffs were employees of and employed by Defendants, and Plaintiffs were permitted to work by Defendants within the meaning of the FLSA and NYLL. 29 U.S.C. § 203(e), and N. Y. Lab. Law § 651(5).

67.     At all relevant times, LNT, LTK, Recipe, David and Vanida Bank, jointly employed Plaintiffs.

68.     All of the work performed by Plaintiffs was assigned, required and/or permitted by Defendants, except that Chef/Manager Defendants only assigned, required or permitted Plaintiffs to work at the restaurants they managed.

69.     At all relevant times, Plaintiffs have been employed by Defendants to work six days a week.

70.     At all relevant times, Defendants have posted a work schedule reflecting

Plaintiffs' scheduled hours of work.

71.     Plaintiffs are scheduled to work shifts ranging from seven to twelve hours per

day, equaling forty two hours to seventy two hours per week.

72.     At all relevant times, Plaintiffs have punched a time card at the beginning and end

of each work day.

73.     Defendants have assigned Plaintiffs employed as a kitchen helpers to perform

various duties, including but not limited to cleaning, peeling, and cutting fruits and vegetables,

cleaning and cutting meat, poultry and seafood, making dumplings, preparing sauces, spring

rolls, rice and other foods, dishwashing, general and deep cleaning, sweeping, mopping,

receiving and stocking supplies, cutting and tying boxes, and removing garbage.

74.     Plaintiffs employed as kitchen helpers have not received tips.

75.     Defendants have assigned Plaintiffs employed as delivery workers to perform

various duties, including but not limited to delivering food orders, delivering items between

restaurants, cleaning, peeling and cutting fruits and vegetables, cracking and scrambling eggs,

preparing sauces and other foods, general and deep cleaning, sweeping, mopping, receiving and

stocking supplies, arranging vegetables in the refrigerator, running errands, maintenance,

removing garbage, cutting and tying boxes.

76.     As a condition of their employment, Defendants required delivery worker

Plaintiffs to purchase and maintain bicycles and accessories, including baskets and locks, for use

in making deliveries.

77.     Delivery worker Plaintiffs' use of bicycles to make deliveries inured to the benefit

of Defendants.

78.     Defendants did not reimburse Plaintiffs for any expenses incurred in making deliveries by bicycle, including but not limited to the purchase of bicycles, baskets, and locks and repair and maintenance.

79.     On each day that delivery worker Plaintiffs worked, they received tips when they delivered food to customers.

80.     On each day that delivery worker Plaintiffs worked, they did not receive tips for any other assigned duties that they performed, including but not limited to delivering items between restaurants, cleaning, peeling and cutting fruits and vegetables, cracking and scrambling eggs, preparing sauces and other foods, general and deep cleaning, sweeping, mopping, receiving and stocking supplies, arranging vegetables in the refrigerator, running errands, maintenance, removing garbage, cutting and tying boxes ("non-tipped duties").

81.     The non-tipped duties Plaintiffs performed were not related to or incidental to the delivery of food to customers.

82.     On each day that Plaintiffs worked, Plaintiffs spent a substantial amount of time, more than 20%, performing non-tipped duties.

83.     Upon information and belief, Defendants did not record the number of hours Plaintiffs delivered food to customers or the number of hours they performed non-tipped duties.

84.     Delivery worker Plaintiffs received tips from customers only when they deliver food.

85.     Upon information and belief, Defendants did not record the tips collected by Plaintiffs.

86.     Defendants required kitchen helper Plaintiffs to complete assigned tasks whether or not they were able to do so within the hours they were scheduled to work.  As a result, some Plaintiffs started work before their scheduled shift or remained at work after their shift.

87.     Most of the Plaintiffs received a weekly cash wage irrespective of the hours that they worked.

88.     Plaintiffs Mario Bautista Gonzalez and Efren Caballero de Jesus received a weekly check.

89.     Edgar Ramos Lazaro received weekly checks beginning in approximately August 2009.

90.     Ricardo Placido Cano received weekly checks beginning in approximately August 2009.

91.     The amounts paid to Plaintiffs who received their wages by check varied from week to week.

92.     The checks issued to Plaintiffs who received their wages by check do not reflect the hours worked by Plaintiffs or the rate of pay used by Defendants to calculate Plaintiffs' wages.

93.     Defendants did not inform delivery worker Plaintiffs of the provisions of Section 3(m) of the FLSA, 29 U.S.C. § 203(m), or explain to Plaintiffs the method used by Defendants to calculate Plaintiffs' wages.

94.     At all relevant times, some Plaintiffs have been assigned to or did work shifts in excess of ten hours per day.

95.     At all relevant times, Defendants have failed to pay Plaintiffs who worked in excess of ten hours per day an extra hour's pay at the regular minimum wage.

96.    At all relevant times, Defendants failed to pay Plaintiffs at the minimum hourly rate under the FLSA and/or the NYLL for all hours worked.

97.    At all relevant times, Defendants failed to pay Plaintiffs overtime pay for hours they worked in excess of forty in a week at the appropriate rate under the FLSA and/or the NYLL.

98.    For example, many delivery worker Plaintiffs worked a schedule of 42 or 60 hours per week.  However, Defendants paid such Plaintiffs $90 or $210 per week, respectively, or  $2.15 to $3.50 per hour.

99.    Defendants paid kitchen helper Plaintiffs wages ranging from approximately $5.23 per hour to $6.95 per hour.

100.    Defendants required some delivery worker Plaintiffs to purchase and maintain service on a cellular phone for use in making deliveries. For example, Justino Ramos Flores was instructed to obtain a cellular phone to perform his delivery duties.

101.    Defendants did not reimburse Plaintiffs for the costs they incurred in purchasing cellular phones or maintaining cellular phone service.

102.    Defendants required some Plaintiffs to purchase knives and vegetable peelers for use in the kitchen at LTK, LNT and/or Recipe.

103.    Defendants did not reimburse Plaintiffs for the costs they incurred in purchasing and maintaining knives and vegetable peelers.

104.    Frequently, Defendants' customers added a gratuity to their credit card payment, which gratuity was intended for the Plaintiff who delivered their meal.

105.    At all relevant times, Defendants have retained 15% of all credit card tips intended for Plaintiffs.

106.    Upon information and belief, Defendants have not been charged a 15% processing fee by credit card companies.

## KNOWING AND INTENTIONAL ACTS

107.    Plaintiffs repeat and reallege all of the paragraphs above.

108.    Defendants have knowingly, intentionally and willfully committed the acts alleged herein.

109.    Defendants have not acted in good faith.

110.    Defendants have known that the nonpayment of minimum wage, overtime pay and spread of hours pay would financially injure Plaintiffs.

111.    Defendants have not posted the required New York State Department of Labor information regarding illegal wage deductions.

112.    Defendants did not provide Plaintiffs at the time of hiring with a written statement of their hourly rate of pay, overtime rate of pay, and regular pay day.

113.    Defendants have not included with every payment of wages to Plaintiffs a written statement listing hours worked, rates paid, gross wages, allowances, deductions, and net wages.

114.    Upon information and belief, Defendants have failed to keep full and accurate records of Plaintiffs' hours and wages in order to avoid liability for their wage violations.

## FIRST CAUSE OF ACTION (FLSA: MINIMUM WAGE VIOLATION)

115.    Plaintiffs repeat and reallege all of the paragraphs above.

116.    At all relevant times, Section 6 of the FLSA, 29 U.S.C. § 206, required Defendants to pay a minimum hourly wage to all Plaintiffs.

117.    At all relevant times Defendants were not entitled to take a tip credit with respect to any of the delivery worker Plaintiffs' wages because they failed to inform such Plaintiffs of

the FLSA's requirements related to the tip credit and failed to advise Plaintiffs of the manner in which Defendants were calculating Plaintiffs' wages. 29 U.S.C. § 203(m), 29 C.F.R. § 516.4.

118.   At all relevant times, Defendants were not entitled to take a tip credit with respect to delivery worker Plaintiffs' wages because they retained a portion of such Plaintiffs' tips. 29 U.S.C. § 203(m), 29 C.F.R. § 531.53, U.S. Department of Labor, Field Operations Handbook, Chapter 30, Section 30d05(a) (Dec. 9, 1988).

119.   At all relevant times, Defendants were not entitled to take a tip credit with respect to delivery worker Plaintiffs' wages because they assigned such Plaintiffs duties incidental to their tip producing duties for more than 20% of such Plaintiffs' shift and/or they assigned such Plaintiffs non-tipped duties for a substantial portion of their shifts. 29 U.S.C. § 203(m) and (t); 29 C.F.R. §§ 516.28, 531.56(e), 531.59; U.S. Department of Labor, Field Operations Handbook, Chapter 30, Section 30d00(e) (Dec. 9, 1988).

120.   Throughout their employment, Defendants failed to pay Plaintiffs the applicable minimum hourly wage for every hour in each week that Plaintiffs worked, in violation of Section 6 of the FLSA, 29 U.S.C. § 206.

121.   Defendants' failure to pay Plaintiffs the proper minimum wage violates 29 U.S.C. § 201 et seq.

122.   Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

123.   Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## SECOND CAUSE OF ACTION (FLSA: OVERTIME VIOLATION)

124.   Plaintiffs repeat and reallege all of the paragraphs above.

125.    Both the FLSA and New York Labor Law require that Defendants pay overtime at a rate of one-and-one-half times the regular rate of pay for each hour of work over forty hours in a week.  29 U.S.C. § 207, N.Y. Lab. Law § 650 et seq.

126.    Defendants did not pay Plaintiffs overtime pay for the hours they worked in excess of forty in a week.

127.    Defendants' failure to pay Plaintiffs overtime for their hours worked over forty in a week violates 29 U.S.C. § 201 et seq.

128.    Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

129.    Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

### THIRD CAUSE OF ACTION (N.Y. LAB. LAW: MINIMUM WAGE)

130.    Plaintiffs repeat and reallege all of the paragraphs above.

131.    At all times relevant to this action, the New York Labor Law § 652 required employers in the restaurant industry to pay a minimum hourly wage.  N.Y. Comp. Codes R. & Regs tit. 12, § 137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2 (2010).

132.    At all times relevant to this action, Defendants were not entitled to the tip allowance or tip credit with respect to any of delivery worker Plaintiffs' wages because they failed to provide Plaintiffs with a statement of allowances and credits claimed with every payment of wages.  N.Y. Comp. Codes R. & Regs tit. 12 § 137-2.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.3, 2.2, 146-2.4 (2010).

133.    At all times relevant to this action, Defendants were not entitled to the tip

allowance or tip credit with respect to any of delivery worker Plaintiffs' wages because Plaintiffs

are not "service employees" within the meaning of N.Y. Comp. Codes R. & Regs tit. 12 §

137.3.3 and § 146-3.3, in that each day that Plaintiffs worked Defendants assigned Plaintiffs to

work in an occupation in which tips are not customarily received for more than 2 hours or for

more than 20% of Plaintiffs' shift.  N.Y. Comp. Codes R. & Regs tit. 12 § 137.3.3, as amended

effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-2.9, 146-3.3 (2010).

134.    Throughout their employment, Defendants failed to pay Plaintiffs the applicable

minimum hourly wage for every hour in each week that Plaintiffs worked, in violation of N.Y.

Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, 137-1.2, as amended effective

January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.2 (2010).

135.    Said violations were not in good faith within the meaning of N.Y. Lab. Law §§

198.1-a and 663.

136.    Plaintiffs have been damaged in an amount as yet undetermined plus liquidated

damages.

**FOURTH CAUSE OF ACTION (N.Y. LAB. LAW: OVERTIME VIOLATION)**

137.    Plaintiffs repeat and reallege all of the paragraphs above.

138.    The New York Labor Law requires that employers in the restaurant industry pay

employees overtime compensation at the rate of one and one-half times the regular rate of pay

for each hour of work over forty hours in one work week.  N.Y. Lab. Law § 650 et seq., N.Y.

Comp. Codes R. & Regs. tit. 12, § 137-1.3, as amended effective January 1, 2011, by N.Y.

Comp. Codes R. & Regs tit. 12, § 146-1.4 (2010).

18

139.    Throughout their employment, Plaintiffs regularly worked over forty hours per week.

140.    Nonetheless, Defendants failed to pay Plaintiffs the overtime compensation at the applicable overtime rate for every hour Plaintiffs worked in excess of forty hours, as required by the New York Labor Law.  N.Y. Lab. Law § 650 et seq. and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.4 (2010).

141.    Said violations were not in good faith within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

142.    Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## FIFTH CAUSE OF ACTION (N.Y. LAB. LAW: SPREAD OF HOURS PAY)

143.    Plaintiffs repeat and reallege all of the paragraphs above.

144.    Section 137-1.7 of the New York State Department of Labor Regulations requires that Defendants pay Plaintiffs an extra hour's pay at the minimum wage for each day of work in which Plaintiffs' "spread of hours" exceeds ten.  "Spread of hours" is the interval between the beginning and end of an employee's workday.  N.Y. Comp. Codes R. & Regs tit. 12 §§ 137-1.6, 137-3.11, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.6 (2010).

145.    Defendants' failure to pay Plaintiffs spread of hours pay violates New York Labor Law § 650 et seq. and supporting regulations.  N.Y. Comp. Codes R. & Regs tit. 12 §§ 137-1.6, 137-3.11, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.6 (2010).

146.     Said violations were not in good faith within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

147.     Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## SIXTH CAUSE OF ACTION (FLSA: KICKBACKS)

148.     Plaintiffs repeat and reallege all of the paragraphs above.

149.     The regulations promulgated under the FLSA provide that wages cannot be considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer.  29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

150.     An employer receives an indirect "kickback" when it requires employees to purchase tools of their trade which will be used in or are specifically required for the performance of their work.  29 C.F.R. § 531.35.

151.     Defendants regularly obtained kickbacks from Plaintiffs by requiring Plaintiffs to purchase and maintain bicycles, to purchase cellular phones and service, and to purchase kitchen utensils for use at work.

152.     Defendants also regularly obtained kickbacks by retaining a portion of Plaintiffs' credit card tips.

153.     Defendants' receipt of unlawful kickbacks from Plaintiffs' wages in violation of 29 U.S.C. § 201 et seq., and 29 C.F.R. § 531.35, further reduces Plaintiffs' wages below the minimum hourly wage in violation of the FLSA, 29 U.S.C. § 206(a) and applicable regulations, 29 C.F.R. § 531.35.

154.     Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

155.    Plaintiffs have been damaged in an amount as yet undetermined plus liquidated

damages.

**SEVENTH CAUSE OF ACTION**
**(N.Y. LAB LAW: UNLAWFUL DEDUCTIONS AND KICKBACKS)**

156.    Plaintiffs repeat and reallege all of the paragraphs above.

157.    New York Labor Law § 193(1) prohibits employers from making any deductions

from an employee's wages except for those permitted by law or those made for the benefit of

the employee which are expressly authorized in writing by the employee.   N.Y. Lab. Law

§193(1).

158.    New York Labor Law § 193(2) prohibits employers from making any charge

against an employee's wages or requiring an employee to make any payment by separate

transaction, unless such payment is a permitted deduction pursuant to § 193(1).  N.Y. Lab.

Law § 193(2).

159.    New York Labor Law § 198-b prohibits Defendants from receiving "kickbacks"

from Plaintiffs.  N.Y. Lab. Law § 198-b.

160.     Title 12 of the Rules and Regulations of New York provides that the minimum

wage shall not be reduced by expenses incurred by an employee in carrying out duties

assigned by his employer.  N.Y. Comp. Codes R. & Regs tit. 12 § 137-2.5, as amended

effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.7 (2010).

161.     In requiring Plaintiffs to purchase and maintain bicycles as a condition of

employment, Defendants violated New York Labor Law §§ 193 and 198-b, and N.Y. Comp.

Codes R. & Regs. tit. 12, § 137-2.5, as amended effective January 1, 2011, by N.Y. Comp.

Codes R. & Regs tit. 12, § 146-2.7 (2010), and Defendants have further reduced Plaintiffs'

compensation below the applicable minimum hourly wage in violation of New York Labor

Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-1.1 and 137-1.2, as amended

effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.1, 146-1.2

(2010).

162.    In requiring Plaintiffs to purchase kitchen utensils to perform their work,

Defendants violated N.Y. Lab. Law §§ 193 and 198-b, and N.Y. Comp. Codes R. & Regs. tit.

12, § 137-2.5, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12,

§ 146-2.7 (2010), and Defendants have further reduced Plaintiffs' compensation below the

applicable minimum hourly wage in violation of N. Y. Lab. Law § 652 and N.Y. Comp.

Codes R. & Regs. tit. 12, §§ 137-1.1 and 137-1.2, as amended effective January 1, 2011, by

N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.1, 146-1.2 (2010).

163.    In requiring Plaintiffs to purchase cellular phones and maintain phone service,

Defendants violated N.Y. Lab. Law §§ 193 and 198-b, and N.Y. Comp. Codes R. & Regs. tit.

12, § 137-2.5, repealed in part effective January 1, 2011, as amended effective January 1,

2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.7 (2010), and Defendants have further

reduced Plaintiffs' compensation below the applicable minimum hourly wage in violation of

New York Labor Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-1.1 and 137-

1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-

1.1, 146-1.2 (2010).

164.    Said violations were not in good faith within the meaning of New York Labor

Law §§ 198.1-a and 663.

165.    Plaintiffs have been damaged in an amount as yet undetermined plus liquidated

damages.

## EIGHTH CAUSE OF ACTION (N.Y. LAB. LAW: RETENTION OF GRATUITIES)

166.     Plaintiffs repeat and reallege all of the paragraphs above.

167.     New York Labor Law §196-d prohibits an employer from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee.

168.     Defendants have unlawfully retained a portion of the gratuities earned by Plaintiffs in violation of New York Labor Law § 196-d.

169.     In retaining portions of Plaintiffs' gratuities, Defendants further reduced Plaintiffs' compensation below the applicable minimum hourly wage in violation of New York Labor Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-1.1 and 137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.1, 146-1.2 (2010).

170.     Said violations were not in good faith within the meaning of New York Labor Law §§198.1-a and 663.

171.     Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## NINTH CAUSE OF ACTION (UNJUST ENRICHMENT)

172.     Plaintiffs repeat and reallege all of the paragraphs above.

173.     Defendants have been unjustly enriched by withholding wages rightfully belonging to Plaintiffs in violation of the FLSA and New York Labor Law.

174.     Under equity and good conscience, Defendants must make restitution to Plaintiffs of those unlawfully withheld wages in an amount as yet undetermined plus damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)    A judgment declaring that each Defendant's conduct complained of herein violated Plaintiffs' rights guaranteed by the FLSA, the New York Labor Law, and associated regulations and orders;

(b)    An injunction against Defendants and any of their representatives from engaging in each of the unlawful practices, policies and patterns described in the causes of action set forth in this Complaint;

(c)    A judgment for Plaintiffs and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due each Plaintiff under Sections 6 and 7 of the FLSA and an additional equal amount as liquidated damages;

(d)    A judgment for Plaintiffs and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due each Plaintiff under the New York Labor Law, and, as liquidated damages, an additional amount equal to 25% of the total monies due each Plaintiff;

(e)    A judgment for Plaintiffs and against Defendants jointly and severally for unlawful deductions, kickbacks and gratuities taken by Defendants, and an additional amount as liquidated damages;

(f)    A judgment for Plaintiffs and against Defendants jointly and severally for failure to pay spread of hours pay, and an additional amount as liquidated damages;

(g)    A judgment for Plaintiffs and against Defendants jointly and severally for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and New York Labor Law §§ 198 and 663;

(h)     Pre-judgment and post-judgment interest;

(i)      Such other and further relief that the Court deems just and proper.


Dated: New York, New York
       February 16, 2011

|  | Respectfully submitted, |
|---|---|
|  | Yvonne L. Brown (YB 3522) |
|  | ybrown@spivaklipton.com |
|  | Hope Pordy (HP 6253) |
|  | hpordy@spivaklipton.com |
|  | Adrienne L. Saldaña (AS8327) |
|  | asaldana@spivaklipton.com |
|  | SPIVAK LIPTON LLP |
|  | 1700 Broadway, 21st Floor |
|  | New York, New York 10019 |
|  | Tel: (212) 765-2100 |
|  | Fax: (212) 765-8954 |
|  | Attorneys for Plaintiffs |