

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ALFONSO AYALA DELGADO, et al.,

                Plaintiffs,

-v-

D&D THAI RESTAURANT CORP., et al.

                Defendants.

------------------------------------------------------------------X

11 Civ. 1117 (PAE)

ORDER APPROVING SETTLEMENT

PAUL A. ENGELMAYER, District Judge:

In this action, 15 plaintiffs seek monetary, declaratory and injunctive relief, claiming that defendants have violated provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law, §§ 190, 650 *et seq* ("NYLL"). Specifically, plaintiffs asserted the following claims against defendants: (1) failure to pay minimum wage in violation of the FLSA; (2) failure to pay minimum wage in violation of the NYLL; (3) failure to pay overtime in violation of the FLSA; (4) failure to pay overtime in violation of the NYLL; (5) failure to pay an extra hour when plaintiffs worked more than 10 hours per day, as required by the NYLL; (6) receipt of unlawful kickbacks in violation of the FLSA; (7) receipt of unlawful kickbacks in violation of the NYLL; (8) unlawful retention of plaintiffs' gratuities; (9) unjust enrichment; (10) retaliation under the FLSA; (11) retaliation under the NYLL.

On March 6, 2012, the parties jointly provided the Court with a copy of the agreement by which they seek to resolve this case, and requested that the Court approve that settlement. "Under the FLSA, a private party may not waive or settle claims for unpaid wages unless the settlement is either (1) supervised by the Secretary of Labor, or (2) judicially approved." *Martinez v. Ragtime Foods of N.Y., Inc.*, No. 11-cv-1483, 2011 U.S. Dist. LEXIS 130357, at *2

(E.D.N.Y. Nov. 10, 2011); *see also Marfak v. Vincenzo Peretta & Volatour, Inc.*, No. 10-cv-7785, 2011 U.S. Dist. LEXIS 48994, at *4–5 (S.D.N.Y. May 4, 2011); *Revelo v. Sistina Rest., Inc.*, No. 10-cv-2204, 2011 U.S. Dist. LEXIS 41156, at *6 (S.D.N.Y. Apr. 14, 2011). Because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date," FLSA collective actions do not implicate the same due process concerns as Rule 23 actions. *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989); *see also Diaz v. E. Locating Serv., Inc.*, No. 10-cv-4082, 2010 U.S. Dist. LEXIS 139136, at *15 (S.D.N.Y. Nov. 29, 2010).

"In deciding whether to approve a stipulated settlement, the Court must 'scrutiniz[e] the settlement for fairness.'" *Martinez*, 2011 U.S. Dist. LEXIS 130357, at *2 (quoting *Medley v. Am. Cancer Soc'y*, No. 10-cv-3214, 2010 U.S. Dist. LEXIS 75098, at *2 (S.D.N.Y. July 23, 2010)) (additional citation omitted). "Courts approve FLSA settlements so long as they are the result of contested litigation where adversarial parties reach an agreement on disputed issues." *Sewell v. Bovis Lend Lease LMB, Inc.*, No. 09-cv-6548, 2012 U.S. Dist. LEXIS 53556, at *27–28 (S.D.N.Y. Apr. 16, 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)); *see also Matheson v. T-Bone Rest. LLC.*, No. 09-cv-4214, 2011 U.S. Dist. LEXIS 143773, at *17 (S.D.N.Y. Dec. 13, 2011); *Johnson v. Brennan*, No. 10-cv-4712, 2011 U.S. Dist. LEXIS 105775, at *35–36 (S.D.N.Y. Sept. 16, 2011).

Here, plaintiffs were represented throughout this litigation by able counsel, a number of depositions were conducted, and the parties were on the verge of trial readiness before this agreement was reached. The settlement amount of $812,500 also represents a substantial percentage of the $1,014,716.18 total in back pay, interest, and liquidated damages that plaintiffs

[2]

had initially demanded. Furthermore, judicial approval of the instant agreement permits the parties to obviate a complex and costly trial, and to manage litigation risk as they see fit. The Court therefore concludes that the settlement is the result of contested litigation over a *bona fide* dispute, and that the terms of the settlement are thus fair. The settlement is therefore approved.[1]

Paragraph 3 of the settlement agreement represents that the plaintiffs will submit to the Court a stipulation of dismissal upon receipt of the first installment payment from defendants pursuant to Paragraph 4.1(b) of the agreement.

When that payment is received, plaintiffs are directed to append the entire settlement agreement, as supplied for the Court's review, to the stipulation of dismissal. That combined submission should be e-mailed to the Orders and Judgments clerk for the Court's signature, at which time both the stipulation and the agreement will be publicly docketed.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 8, 2012
New York, New York

---

[1] The Court need not approve the settlement of plaintiffs' New York Labor Law claims, *see Amaya v. Garden City Irrigation, Inc.*, No. 03-cv-2814, 2011 U.S. Dist. LEXIS 15316, at *4–5 (E.D.N.Y. Feb. 15, 2011), nor the release of plaintiffs' retaliation claims, *see* 29 U.S.C. § 216 (providing that Courts must supervise settlements only for unpaid wage claims sought under 29 U.S.C. § 206–07). Nevertheless, if called upon to do so, the Court would find that the process leading to the release of these claims was similarly robust and not indicative of collusion.