*ENgolma York J.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------:

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __6/8/12__
```

Alfonso Ayala Delgado, Leonides Basurto Antonio,
Mario Bautista Gonzalez, Efren Caballero de Jesus,
Rigoberto Candido Anastacio, Salvadore de Jesus
Victoriano, Brigido Juarez Bautista, Hermenegildo
Placido Cano, Ricardo Placido Cano, Camilo Ramos
Flores, Justino Ramos Flores, Edgar Ramos
Lazaro, Antonio Rivera Ramos, Crisantos Rivera
Ramos, and Saul Vasquez Martines a/k/a
Rodrigo Basurto Antonio,

                              Plaintiffs,

              v.

D & D Thai Restaurant Corp. d/b/a Land Thai Kitchen,
BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai,
Vanida Restaurant, Inc. d/b/a Recipe, David Bank,
Vanida Bank, Krit Ploysomboon,
Borphit Chaemchaeng, Santy Vinaithong,

                           Defendants.

-------------------------------------------------------------------:

**STIPULATION AND
ORDER OF DISMISSAL**

Case No. 11-CV-1117 ~~(JSR)~~ (HBP)  *(PAE)*

       This Court, having considered and inspected the Settlement Agreement between the

Parties in the above-captioned action, IT IS HEREBY ORDERED that: (1) the settlement is

approved; and (2) subject to the provisions of the Settlement Agreement, the above captioned

action is hereby dismissed in its entirety, with prejudice.

| | |
|---|---|
| SPIVAK LIPTON LLP<br>*Attorneys for Plaintiffs*<br>1700 Broadway, 21st Floor<br>New York, New York 10019<br>(212) 765-2100 | FOX ROTHSCHILD LLP<br>*Attorneys for Defendants*<br>100 Park Avenue, Suite 1500<br>New York, New York 10017<br>(212) 878-7900 |
| By: _____<br>    Hope Pordy<br>    Adrienne L. Saldaña | By: _____ 5-30-12<br>    Carolyn D. Richmond<br>    Eli Z. Freedberg |
| Dated: __5-31-12__ | Dated: __5-30-12__ |

1

SO ORDERED on this ___8th___ day of ___June___, 2011

___Paul A. Engelmayer___

Hon. Paul A. Engelmayer
United States District Judge

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by: (A) Alfonso Ayala Delgado, Leonides Basurto Antonio, Mario Bautista Gonzalez, Efren Caballero de Jesus, Rigoberto Candido Anastacio, Salvadore de Jesus Victoriano, Brigido Juarez Bautista, Hermenegildo Placido Cano, Ricardo Placido Cano, Camilo Ramos Flores, Justino Ramos Flores, Edgar Ramos Lazaro, Antonio Rivera Ramos, Crisantos Rivera Ramos, and Saul Vasquez Martines a/k/a Rodrigo Basurto Antonio (collectively "Plaintiffs"), individually and on behalf of their present and former representatives, agents, attorneys, heirs, executors, administrators, successors, and assigns, (B) D & D Thai Restaurant Corp. d/b/a Land Thai Kitchen, BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai, Vanida Restaurant, Inc. d/b/a Recipe, David Bank, Vanida Bank, Krit Ploysomboon, Borphit Chaemchaeng, Santy Vinaithong (collectively "Defendants"), individually and on behalf of their present and former directors, officers, partners, owners, representatives, agents, attorneys, parents, subsidiaries, affiliates, successors, heirs, executors, administrators, successors, and assigns, and (C) Uttawan Ngosuwan and Vuttichai Ngosuwan (collectively "Ngosuwans"), individually and on behalf of their present and former representatives, agents, attorneys, heirs, executors, administrators, successors, and assigns.   Plaintiffs, Defendants and the Ngosuwans are collectively referred to hereafter as "Settlement Parties."

WHEREAS, on or about February 17, 2011, Plaintiffs commenced an action by filing a Complaint encaptioned Ayala Delgado, et al. v. D&D Thai Restaurant Corp. d/b/a Land Thai Kitchen, et al., Case No. 11-CV-1117 (PAE) (HBP), in the United States District Court for the Southern District of New York ("Litigation"); and

WHEREAS, on or about May 13, 2011, Plaintiffs filed an Amended Complaint; and

1

WHEREAS, accompanying the Complaint, each Plaintiff filed a notice pursuant to 29 U.S.C. § 216(b) to participate as a Plaintiff in this action; and

WHEREAS, on August 31, 2011, during a settlement conference held before the Honorable Henry B. Pittman, the Settlement Parties reached an agreement to settle the above-referenced litigation based on the terms described below; and

WHEREAS, by Notice of Reassignment dated September 30, 2011, the Litigation was reassigned to the Honorable Paul A. Engelmayer; and

WHEREAS, the Settlement Parties have determined it to be in their mutual interests to settle any and all claims or other matters  arising out of Plaintiffs' employment (or the termination of their employment); and

WHEREAS, the Plaintiffs and Defendants have determined it to be in their mutual interest to dismiss the Litigation with prejudice;

NOW, THEREFORE, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Settlement Parties agree as follows:

1.    <u>Preliminary Matters</u>

Plaintiffs acknowledge that they have consulted with Spivak Lipton, LLP regarding this Agreement and have considered carefully its advice.

2.    <u>Mutual Release of Claims</u>

2.1.    Plaintiffs fully and unconditionally release and forever discharge Defendants and the Ngosuwans from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, Plaintiffs' employment by Defendants and/or the Ngosuwans or the

cessation thereof, either directly or indirectly, whether known or unknown, whether in common with each other or not in common with each other, for, upon or by reason of any matter, cause or thing whatsoever, through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement), including, but not limited to, breach of contract claims (whether written or oral, express or implied); claims arising out of any offer letter or similar document; estoppel claims; tort claims; claims for invasion of privacy; claims for duress; claims for compensatory and/or punitive damages; public policy claims; defamation claims; claims of retaliation; claims of wrongful discharge or termination; claims for breach of promise; claims of negligence; claims of impairment of economic opportunity or loss of business opportunity; claims of fraud or misrepresentation; claims of promissory estoppel; claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); claims under the Americans With Disabilities Act ("ADA"); claims under the Family and Medical Leave Act ("FMLA"); claims under the Fair Labor Standards Act ("FLSA"); claims under the National Labor Relations Act ("NLRA"); claims under the Worker Adjustment and Retraining Notification Act ("WARN"); claims under the New York State Human Rights Law, the New York City Human Rights Law, the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law; any claims pursuant to the New York State Minimum Wage Order for the Restaurant Industry, *et seq.* and the New York State Hospitality Wage Order, *et seq.*; claims under any other federal, state or local anti-discrimination law, whistle-blowing law, family and/or medical leave law, and/or wage and hour law; claims for reimbursement, wages, vacation or other leave time; claims relating to Plaintiffs' application for hire, employment, or (where applicable) termination thereof, as well as any claims which Plaintiffs may have arising under or in connection with any and all local, state or federal ordinances, rules, regulations, executive orders or common law,

from the beginning of Plaintiffs' employment up to and including the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement). This release does not bar a claim that a term of this Agreement has been materially violated.

2.2.    Defendants and the Ngosuwans fully and unconditionally release and forever discharge Plaintiffs, individually and collectively, from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, Plaintiffs' employment by Defendants and/or the Ngosuwans or the cessation thereof, either directly or indirectly, whether known or unknown, whether in common with each other or not in common with each other, for, upon or by reason of any matter, cause or thing whatsoever, through the effective date this Agreement (which shall be the date that the Court approves the terms of the Agreement), including, but not limited to, breach of contract claims (whether written or oral, express or implied); claims arising out of any offer letter or similar document; estoppel claims; tort claims; claims for invasion of privacy; claims for duress; claims for compensatory and/or punitive damages; public policy claims; defamation claims; claims of retaliation; claims of wrongful discharge or termination; claims for breach of promise; claims of negligence; claims of impairment of economic opportunity or loss of business opportunity; claims of fraud or misrepresentation; claims of promissory estoppel; claims under Title VII; claims under the ADA; claims under the FMLA; claims under the FLSA; claims under the NLRA; claims under WARN; claims under the New York State Human Rights Law, the New York City Human Rights Law, the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law; any claims pursuant to the New York State Minimum Wage Order for the Restaurant Industry, *et seq.* and the New York State Hospitality Wage Order, *et seq.*;; claims under any other federal, state or local anti-discrimination law, whistle-blowing law, family and/or medical leave law, and/or wage and

4

hour law; claims for reimbursement, wages, vacation or other leave time; claims relating to Plaintiffs' application for hire, employment, or (where applicable) termination thereof, as well as any claims which Defendants or the Ngosuwans may have arising under or in connection with any and all local, state or federal ordinances, rules, regulations, executive orders or common law, from the beginning of Plaintiffs' employment up to and including the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement). This release does not bar a claim that a term of this Agreement has been materially violated.

2.3    Defendants fully and unconditionally release and forever discharge the Ngosuwans, and the Ngosuwans fully and unconditionally release and forever discharge the Defendants, from claims for indemnity or contribution arising from Plaintiffs' employment by the Defendants and/or the Ngosuwans  through the effective date of this Agreement (which shall be the date of court approval of this Agreement) including claims for indemnity or contribution arising from: (a) claims by Plaintiffs described in Section 2.1 and 2.2, or (b) obligations or provisions set forth in this Agreement.

The releases set forth in this Section 2.3 shall apply: (a) only to such claims for indemnity or contribution, and (b) whether such indemnity or contribution claims are based on:

(i)  the Stock Purchase Agreements, dated December 9, 2009, between Vuttichai Ngosuwan and David Bank regarding D &D Thai Restaurant Corp. and between Vuttichai Ngosuwan and Vanida Bank regarding BZ Thai Restaurant, Inc., or

(ii) any other contract, tort, equity claim or theory, or  any other type of claim or theory whatsoever.

3.    Termination of the Litigation

Plaintiffs agree to terminate, discontinue, and dismiss the Litigation in its entirety and in each and every respect, with prejudice and on the merits, and to cooperate and to take all necessary and appropriate action to accomplish same consistent with the terms of this Agreement.   In that connection,  Defendants' counsel will execute and deliver to Plaintiffs' Counsel a Stipulation of Dismissal with Prejudice ("Stipulation") in the form of the attached Exhibit A, voluntarily dismissing the Litigation with prejudice and on the merits pursuant to Rule 41(a)(1)(A)(ii). Plaintiffs' counsel agrees to file the fully-executed Stipulation immediately following their receipt of the first installment payment described in Section 4.1(b) below.

4.    Monetary Consideration

4.1.    The total monetary consideration to be paid to Plaintiffs and Plaintiffs' counsel shall be $812,500.00 ("Total Settlement Amount") which shall be paid in the amounts and by the deadlines specified below.

(a)    The Ngosuwans' share of the Total Settlement Amount shall be $165,000.00 ("Ngosuwans' Share").   The Ngosuwans shall pay the Ngosuwans' Share to Defendants' Counsel within ten (10) days of the Court's approval of this Agreement. Defendants' Counsel shall hold all money received from the Ngosuwans in escrow until paid out as part of the first installment payment provided for in Section 4.1(b).  Upon the Ngosuwans' payment of the Ngosuwans' Share to Defendants' counsel, the Ngosuwans shall have no further payment obligations pursuant to this Agreement and the release provisions of Section 2 above shall apply with respect to any claims against the Ngosuwans.

(b)    Within twenty (20) days of the Court's approval of this Agreement, Defendants shall make the first installment payment, of $292,700.00, which shall be divided

amongst the Plaintiffs as set forth in Exhibit B hereto.  <u>The Agreement is expressly conditioned upon Defendants making the payment described in this Section 4.1(b).</u>  Should Defendants fail to make this payment in full as required by Section 4.1(b), then:

        (i)      This Agreement and all of its terms shall be null and void and Plaintiffs shall be entitled, without condition, to resume the Litigation, provided that Plaintiffs first return any partial payments received from Defendants.

        (ii)      Defendants shall place any sum(s) returned by Plaintiffs which constitute the Ngosuwans' Share into Defendants' Counsel's escrow fund, and within ten (10) business days, Defendants' Counsel shall pay over said sum(s) to the Ngosuwans.

        (iii)      The provision of Section 4.1(b) conditioning the effectiveness of the Agreement on the payment of the first installment shall be deemed satisfied even though, as provided by Section 4.2, Defendants may defer payment of "back wages" for those Plaintiffs who have not provided Defendants with their social security numbers or tax identification numbers.

        (c)      Defendants shall make seven (7) additional installment payments to Plaintiffs, each in the gross amount of $32,883.22, on or before each of the following dates: January 31, 2012, March 31, 2012, June 30, 2012, September 30, 2012, December 31, 2012, March 31, 2013, and June 30, 2013.  In the event any of these payment dates precedes the date of Court approval, such payment(s) will be due within twenty (20) days of such approval (e.g., if the Court approves this Agreement on February 15, 2012, the first and second installments will be paid by March 6, 2012). The full amount of each installment shall be paid to Plaintiffs as set forth in Exhibit B hereto.

(d)     For each installment payment to be made to Plaintiffs, Defendants shall calculate each Plaintiff's individual withholdings required on the "back wage" compensation due to each Plaintiff in accordance with Section 4.2 below and send settlement checks for the net amounts due to each Plaintiff to Spivak Lipton, LLP.   Spivak Lipton LLP will be solely responsible for sending each settlement check to each individual Plaintiff.   Neither Defendants nor the Ngosuwans shall be responsible for ensuring the actual receipt of each settlement check by Plaintiffs.

(e)     Following execution of this Agreement, Defendants shall submit a copy of this Agreement to their insurance company.   Providing a copy of the Agreement to Defendants' insurer shall not constitute a violation of Section 6 below.   Defendants' counsel, shall hold all money received from the insurance company designated as Plaintiffs' counsel's fees in escrow. Defendants shall notify Plaintiffs and the Ngosuwans that they have received the proceeds from their insurer within seven (7) business days of receipt.   On January 31, 2012, subject to Court approval, Defendants shall pay $190,000.00, all or part of which shall be proceeds from Defendants' insurance company and held in escrow by Defendants' counsel, to Spivak Lipton LLP to cover a portion of the attorney fees' incurred in the Litigation.   Defendants' insurance company, at its own option, may issue and deliver a check directly to Spivak Lipton, LLP on this date. This payment will be reflected in an IRS Form 1099-MISC.

(f)     Defendants shall make six (6) additional installment payments to Spivak Lipton LLP, each in the gross amount of $16,602.40, on or before each of the following dates: March 31, 2012, June 30, 2012, September 30, 2012, December 31, 2012, March 31, 2013, and June 30, 2013.   In the event any of these payment dates precedes the date of Court approval, such payment(s) will be due within twenty (20) days of such approval (e.g., if the Court approves this

Agreement on April 16, 2012, the first and second installments will be paid by May 6, 2012). These payments, collectively, constitute the remaining attorneys' fees and costs incurred in this Litigation.  This payment will be reflected in an IRS Form 1099-MISC.

    4.2.    Tax Payment Procedures

    (a)(1)  With respect to the payments referred to in Exhibit B as back-wage compensation, Defendants shall report the payments made pursuant to these provisions of the Agreement to the Internal Revenue Service (and other relevant government agencies) as wage income in the year of payment on a Form W-2 or similar form issued to Plaintiffs in accordance with applicable law.  Within ten (10) days of the Court's approval of this Agreement, each Plaintiff shall provide Defendants with a Form W-4 (and W-9 if no social security number is being provided) unless he previously provided such information to Defendants. For any Plaintiff who does not and has not already provided such information to Defendants within that timeframe, Defendants will withhold as if such Plaintiff were single (regardless of actual marital status), as if such Plaintiff had elected zero exemptions, and Defendants will consider such Plaintiff a resident of New York City.  Defendants shall pay all city, state and federal payroll taxes imposed by applicable law with respect to the amounts treated as wages pursuant to this Section 4.2(a)(1).

    (a)(2)  Upon the Court's approval of this Agreement, each Plaintiff shall provide Defendants with his social security number or individual taxpayer identification number, unless he previously provided such information to Defendants. If Defendants no longer maintain any particular Plaintiff's social security number or individual taxpayer identification number, that Plaintiff shall resubmit his social security number or individual taxpayer identification number upon request (which shall be made within fifteen (15) days of the Court's approval of this

Agreement).  If any Plaintiff fails to provide Defendants with his social security number or individual taxpayer identification number, then Defendants' shall defer the payment of that individual Plaintiff's "back wage" portion of the installment payments set forth in Sections 4.1(b) and (c) until the earlier of: (a) ten (10) days after Defendants are in receipt of the Plaintiff's social security number or individual taxpayer identification number or (b) March 31, 2012 (or the Court's approval of this Agreement, if later), at which point Defendants shall make all deferred installment payments to such Plaintiff in accordance with applicable law.

(b)     With respect to the payments referred to in Exhibit B as "Other (1099)" compensation, these payments represent non-wage compensation from which no withholdings or deductions shall be taken.  These payments will be reflected in an IRS Form 1099-MISC, using Box 3 of Form 1099-MISC.

(c)     Although Plaintiffs and Defendants believe, in good faith, that the tax treatment of the payments referred to in this Agreement and the procedures set forth in this Agreement regarding withholding and payment, are proper and in compliance with applicable tax regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiffs and/or Defendants are liable for any failure to pay federal, state or local income or employment taxes with respect to the payments made under Section 4.1 of this Agreement, or liable for interest or penalties related thereto, Plaintiffs and Defendants shall each be responsible for their own portion of any such liability and their own legal fees incurred in determining such liability.

5.   Non-Admission of Liability

The execution of this Agreement shall not be construed as an admission of any liability whatsoever by the Defendants and/or the Ngosuwans.  Plaintiffs will not claim to be a prevailing

party, to any degree or extent. Except in the event the Court determines that the terms of this Agreement should be place into the public record, neither this Agreement nor any evidence concerning any of its terms shall be admissible in any proceeding other than in a proceeding to enforce the terms contained herein.

6.      Confidentiality and Treatment of Confidential Material

6.1.    It is the intention of the Settlement Parties that the Agreement itself and the discussions leading up to its execution, and any of its terms and conditions, shall not be disclosed to anyone except those specifically identified herein. Except as may be required by law, the Settlement Parties shall not, directly or indirectly, publish, disseminate, disclose, or cause or permit to be published, disseminated, or disclosed to any individual or entity, the content of this Agreement or the settlement discussions that led up to it, including, without limitation, the amount of payment provided herein. If asked, Plaintiffs, Defendants and the Ngosuwans shall limit their response to a statement that the matter has been resolved to the satisfaction of all Settlement Parties.

6.2.    Section 6.1 shall not be construed, however, to prevent the Settlement Parties from disclosing information to: (a) immediate family members, (b) their attorneys, accountants or tax advisors with whom they may consult for the purpose of obtaining professional advice or service, (c) any governmental taxing authority or any other government agency, or (d) to any court or judicial officer pursuant to a court order, subpoena or other legal process; provided, however, that prior to any Plaintiff disclosing any such information to persons other than his immediate family members, attorneys, accountants or tax advisors, such Plaintiff(s) shall, through counsel, provide notice as soon as possible in writing by fax, and by telephone to counsel for Defendants and the Ngosuwans (as such information is provided in Section 13.2

hereof).  With regard to disclosures to immediate family members, attorneys, accountants, or tax advisors, the disclosing party shall, in such circumstances, advise any such person that the information being disclosed is confidential and may not be disclosed by such person, except in response to a Court order, subpoena, or other legal process.

6.3.    If any of the individual Plaintiffs or any of the Defendants or the Ngosuwans are found liable at the time of trial by a court of competent jurisdiction to have breached the confidentiality provision of Section 6.1 above, the individual breaching party agrees to pay, and a court of competent jurisdiction shall award the prevailing party, liquidated damages in the amount of $1,000.00 for each and every breach of the confidentiality provision found to have occurred. If the breaching party is an individual Plaintiff, then the total recovery that can be obtained from such individual Plaintiff under this provision is limited to such individual Plaintiff's total award under this Agreement regardless of the number of violations.  If the breaching party is a Defendant, then the total recovery that can be obtained from Defendants collectively under this provision is limited to $35,000, regardless of the number of violations.  If the breaching party is a Ngosuwan, then the total recovery that can be obtained from the Ngosuwans collectively under this provision is limited to $35,000.00, regardless of the number of violations. If the breaching party is a Plaintiff, then the total recovery that can be obtained from Plaintiffs collectively under this provision is limited to $35,000.00, regardless of the number of violations, notwithstanding any other language appearing in this Section 6.3.

7.    Covenant Not To Sue

7.1.    To the extent consistent with applicable law, Plaintiffs covenant and agree that they shall not at any time hereafter commence, maintain, prosecute, or assist in the instigation, commencement, maintenance or prosecution of any civil, administrative or criminal action, suit,

proceeding or charge against Defendants or the Ngosuwans, in any forum, with respect to any matter released pursuant to Section 2 above, which has or could have been raised as of the effective date of this Agreement (which shall be the date that the Court approves this Agreement). Plaintiffs further covenant and agree that, to the extent consistent with applicable law, they shall not testify, assist, or participate (except in response to a subpoena or judicial order) in any such action, suit, proceeding or charge, or claim entitlement to any monetary relief, in connection therewith. Furthermore, each Plaintiff hereby relinquishes his right to damages in connection with any administrative, arbitration or court proceeding that concerns his employment and/or termination of employment with Defendants and/or the Ngosuwans and which involves a matter released pursuant to Section 2 above. Nothing stated in this Agreement bars Plaintiffs from complying with a subpoena or other legal process requiring their participation in any proceeding by or before the Equal Employment Opportunity Commission or other governmental agency to the extent permitted by law, but Plaintiffs cannot recover any relief or other remedy from that or any other proceeding.

7.2.    To the extent consistent with applicable law, Defendants and the Ngosuwans covenant and agree that they shall not at any time hereafter commence, maintain, prosecute, or assist in the instigation, commencement, maintenance or prosecution of any civil, administrative or criminal action, suit, proceeding or charge against any Plaintiff, in any forum, with respect to any matter released pursuant to Section 2 above, which has or could have been raised as of the effective date of this Agreement (which shall be the date that the Court approves this Agreement). Defendants and the Ngosuwans further covenant and agree that, to the extent consistent with applicable law, they shall not testify, assist, or participate (except in response to a subpoena or judicial order) in any such action, suit, proceeding or charge, or claim entitlement to

13

any monetary relief, in connection therewith.    Furthermore, Defendants and the Ngosuwans hereby relinquishes their  right to damages in connection with any administrative, arbitration or court proceeding that concerns Plaintiffs' employment and/or termination of employment with Defendants and/or the Ngosuwans and which involves a matter released pursuant to Section 2 above.

8.    Non-Disparagement

Settlement Parties agree not to make any statement, or take, support, encourage, induce or voluntarily participate in any action or attempted action that would negatively comment on, or disparage, any other Settlement Party with respect to any matter released pursuant to Section 2.

9.    Default or Late Payment

In the event Defendants fail to make the payments provided for herein, Plaintiffs shall provide Defendants with written notice of default and provide a reasonable time to cure, which shall be ten (10) business days following the notice of default.    Should Defendants fail to cure within that time frame, the entire balance of the Total Settlement Amount shall immediately become due and payable, and Plaintiffs may take any and all necessary legal action against Defendant, including but not limited to entry and execution upon the Confessions of Judgment set forth in Exhibit C hereto.

In the event Defendants fail to make the payments provided for herein:    (a) each Defendant shall be jointly and severally liable in the event of default, and (b) Defendants shall pay Plaintiffs' reasonable attorneys' fees and costs associated with enforcement of the Agreement, unless Defendants' failure to pay is based on a court determination that one or more Plaintiffs has breached Section 6. Notwithstanding anything contained in this Section 9, all terms

of this Agreement remain conditioned on timely receipt of the initial payment to be made by Defendants as described in Section 4.1(b) above.

10.     Defendants pledge as collateral against their payment obligations described in this Agreement any and all goods, equipment, fixtures, inventory, leasehold interests, financial assets, furniture and goodwill now owned and hereafter acquired by D & D Thai Restaurant Corp. d/b/a Land Thai Kitchen and/or BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai and/or Vanida Restaurant, Inc. d/b/a Recipe, wherever located.   Defendants further agree to cooperate and to take all necessary and appropriate action to perfect the security interest established herein in favor of Plaintiffs against such collateral.  Plaintiffs shall file an effective financing statement with the appropriate filing office.  Plaintiffs agree to pay any fees associated with filing the financing statement. Plaintiffs agree to provide Defendants' counsel with proof of effective filing within thirty (30) days of execution of this Agreement.   Provided Defendants make all of the payments referenced in Section 4 of this Agreement, Plaintiffs shall, within fifteen (15) days following the final installment payment referenced in Section 4(c) herein initiate the withdrawal or removal of the security interest referenced in this Section.

11.     All of the terms and conditions of this Agreement shall be binding upon Defendants, their representatives, successors, and assigns, including, but not limited to, any purchaser of any of Defendants' businesses. Each Defendant agree that it will not enter into any agreement for the sale or transfer of business, nor will it sell or otherwise transfer business or assign its lease without first (a) notifying Plaintiffs (through their counsel) of the intention to do so, and (b) securing from the potential purchaser/transferee/assignee an agreement to assume all of Defendants' duties and obligations under this Agreement, and all of the terms hereof, and providing proof of same to Plaintiffs' counsel.   Transactions covered by this provision include stock sales or exchanges,

mergers, consolidations, spin-offs, foreclosures, auctions, purchases by bankruptcy, lease assignments, sale of assets, equipment, receivables, or any other method by which a business is transferred or sold. Defendants can avoid the obligations of this Section by satisfying their payment obligations to Plaintiffs in full prior to engaging in any transaction covered by this Section 11.

12.    Miscellaneous

12.1.    Governing Law.  This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the laws of the State of New York (without regard to its choice of law principles), as are applied to contracts to be performed wholly within the State of New York. The Settlement Parties expressly stipulate and agree that the United States District Court for the Southern District of New York shall retain jurisdiction over the matter for all purposes including but not limited to an action brought by one or more Settlement Parties to enforce the terms of the Agreement and/or to allege a breach of the Agreement.

12.2.    Descriptive Headings. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

12.3.    Severability.   In the event that any one or more of the provisions of this Agreement shall be held to be invalid, illegal or unenforceable, including but not limited to the confidentiality provision set forth in Section 6 of this Agreement, the validity, legality and enforceability of the remainder of the Agreement shall not in any way be affected or impaired thereby. Moreover, if any one or more of the provisions contained in this Agreement shall be held to be excessively broad as to duration, activity or subject, including but not limited to the release set forth in Section 2 of this Agreement, such provisions shall be construed by limiting and reducing them so as to be enforceable to the maximum extent allowed by applicable law.

12.4.   <u>Entire Agreement</u>. This Agreement represents the sole and entire agreement between the Settlement Parties and supersedes all prior agreements, negotiations and discussions between the Settlement Parties hereto, and their respective counsel, with respect to the subject matters covered hereby.

12.5.   <u>Drafter of this Agreement</u>.  In recognition of the fact that the Settlement Parties hereto had an equal opportunity to negotiate the language of, and draft this Agreement, the Settlement Parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable.  If any language in this Agreement is found or claimed to be ambiguous, each party shall have the same opportunity to present evidence as to the actual intent of the Settlement Parties with respect to any such ambiguous language without any interference or presumption being drawn against any party.

12.6.   <u>Amendments</u>.  Any amendment to this Agreement must be in writing signed by duly authorized representatives of each of the Settlement Parties hereto and stating the intent of each party to amend the Agreement.  Any written changes must be approved by the Court.

12.7.   <u>Counterparts</u>.   This Agreement may be executed by each party in separate counterparts, each of which shall constitute an original and the sum of which shall constitute one document.

13.   <u>Further Employee Acknowledgments</u>

13.1.   Plaintiffs acknowledge that they have twenty-one (21) days to review and consider this Agreement. Plaintiffs further acknowledge that if they execute this Agreement prior to the end of the twenty-one (21) day period, any such prior execution was a knowing and voluntary waiver of their right to consider this Agreement for the full twenty-one (21) days and

was due to their conclusion that they had ample time in which to consider and understand this Agreement, and in which to review this Agreement with their attorney or any other advisor.

13.2.   Plaintiffs understand and agree that they have a period of seven (7) days following the signing of this Agreement to revoke it.  Plaintiffs understand that in the event that they revoke this Agreement, it shall be null and void and of no force or effect on any party hereto prior to the expiration of the seven (7) day period.  Any revocation must be in writing and received by counsel for Defendants: Fox Rothschild LLP (Attn: Carolyn D. Richmond), 100 Park Avenue, Suite 1500, New York, New York 10017, Tel. (212) 878-7983, Fax (212) 692-0940, and Counsel for the Ngosuwans: Henry Steinglass, Esq., 299 Broadway, Suite 1802, New York, New York 10007, Tel. (212) 406-7700, Fax (212) 406-7702. Plaintiffs further understand that this Agreement shall not be effective or enforceable until the seven (7) day revocation period has expired without revocation.

Any notices relating to this Agreement shall be given in writing to counsel as set forth in the preceding paragraph or to successor counsel or a Settlement Party, if so designated (in a notice complying with this Section 13.2) by present counsel or one of the Settlement Parties.

13.3.   Plaintiffs acknowledge that Defendants and the Ngosuwans have advised them to consult with an attorney before signing this Agreement and that this Agreement gives them the opportunity and encourages them to have this Agreement reviewed by an attorney.  Plaintiffs have consulted with Spivak Lipton LLP about this Agreement, and have considered carefully its advice.

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _01/31/12_, 2012          By: _____

                                 ALFONSO AYALA DELGADO

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

On the _31st_ day of _January_ in the year 2012 before me, the undersigned personally appeared _AA Delgado_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_Glendaly Malave_
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012

I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the _31st_ day of _January_ in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_Jennifer Pichardo_
Jennifer Pichardo

19

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: __1/31/__ , 2012          By: _____

                                              LEONIDES BASURTO ANTONIO

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK  )

On the _31st_ day of _January_ in the year 2012 before me, the undersigned personally appeared _LB. Antonio_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_Glendaly Malave_
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012

I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the _31st_ day of _January_ in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_Jennifer Pichardo_
Jennifer Pichardo

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _1-31-12_, 2012          By: _____
                                      MARIO BAUTISTA GONZALEZ

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )


On the _31st_ day of _January_ in the year 2012 before me, the undersigned personally appeared _M.B. Gonzalez_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_Glendaly Malave_
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012


I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the _31st_ day of _January_ in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_Jennifer Pichardo_
Jennifer Pichardo

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS EN ESPAÑOL.**
**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _____, 2012        By: _____
                                        EFREN CABALLERO DE JESUS

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )


On the 31st day of January in the year 2012 before me, the undersigned personally appeared E. C. De Jesus, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_Alexdaly Malave_
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012


I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the 31st day of January in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_Jennifer Pichardo_
Jennifer Pichardo

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _01/31_ , 2012         By: _____
                                   RIGOBERTO CANDIDO ANASTACIO

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On the _31st_ day of _January_ in the year 2012 before me, the undersigned personally appeared _R.C. Anastacio_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012

I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the _31st_ day of _January_ in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Jennifer Pichardo

23

**PLAINTIFFS:**

I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.

YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.

DATED: _1 – 31_ , 2012          By: _____

SALVADORE DE JESUS VICTORIANO

STATE OF NEW YORK      )
                                              ) ss.:
COUNTY OF NEW YORK  )

On the _31st_ day of _January_ in the year 2012 before me, the undersigned personally appeared _S. Victoriano_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012

I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the _31st_ day of _January_ in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Jennifer Pichardo

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _1/31_ , 2012          By: _____
                                    BRIGIDO JUAREZ BAUTISTA

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK  )


On the 31st day of January in the year 2012 before me, the undersigned personally appeared B.J. Bautista, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012


I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the 31st day of January in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Jennifer Pichardo

25

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _1/31_ , 2012          By: _____
                                      HERMENEGILDO PLACIDO CANO

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK  )

        On the _31st_ day of _January_ in the year 2012 before me, the undersigned personally appeared _H. P. Cano_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_Glendaly Malave_
Signature and Office of individual
taking acknowledgment

                    GLENDALY MALAVE
                Notary Public, State of New York
                    No. 01MA6115921
                    Qualified in Kings County
                Commission Expires Sept. 13, 2012

        I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the _31st_ day of _January_ in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_Jennifer Pichardo_
Jennifer Pichardo

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _01 - 31_ , 2012          By: _____

RICARDO PLACIDO CANO

STATE OF NEW YORK    )
                                         ) ss.:
COUNTY OF NEW YORK  )

On the _31st_ day of _January_ in the year 2012 before me, the undersigned personally appeared _R.P. Cano_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_Glendaly Malave_
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012

I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the _31st_ day of _January_ in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_Jennifer Pichardo_
Jennifer Pichardo

27

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: 1 / 31 / , 2012            By: _____

                                        CAMILO RAMOS FLORES

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )


On the 31st day of January in the year 2012 before me, the undersigned personally appeared C. R. Flores , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_Glendaly Malave_
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012


I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the 31st day of January in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_Jennifer Pichardo_
Jennifer Pichardo

28

PLAINTIFFS:

I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.

YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.

DATED: _1-31_____, 2012          By:     _____
                                            JUSTINO RAMOS FLORES

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

        On the _31st_ day of _January_ in the year 2012 before me, the undersigned personally appeared _J. R. Flores_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_Glendaly Malave_                          GLENDALY MALAVE
Signature and Office of individual      Notary Public, State of New York
taking acknowledgment                        No. 01MA6115921
                                          Qualified in Kings County
                                    Commission Expires Sept. 13, 2012


        I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the _31st_ day of _January_ in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_Jennifer Pichardo_
Jennifer Pichardo

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: | – 3 | – , 2012          By: _____

                                        EDGAR RAMOS LAZARO

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )


On the 31st day of January in the year 2012 before me, the undersigned personally appeared E.R. Lazaro , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

                    GLENDALY MALAVE
                    Notary Public, State of New York
                    No. 01MA6115921
                    Qualified in Kings County
                    Commission Expires Sept. 13, 2012


I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the 31st day of January, in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Jennifer Pichardo

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: 31 enero 2012          By: _____
                                   ANTONIO RIVERA RAMOS

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK  )

On the 31st day of January in the year 2012 before me, the undersigned personally appeared A.R. Ramos, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012

I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the 31st day of January in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Jennifer Pichardo

31

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: 1 31 , 2012        By: _____

CRISANTOS RIVERA RAMOS

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK   )

On the 31st day of January in the year 2012 before me, the undersigned personally appeared C.R. Ramos , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012

I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the 31st day of January in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Jennifer Pichardo

**PLAINTIFFS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _1-31_, 2012        By: _____

SAUL VASQUEZ MARTINES AKA
RODRIGO BASURTO ANTONIO

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

On the _31st_ day of _January_ in the year 2012 before me, the undersigned personally appeared _S.V. martines_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

GLENDALY MALAVE
Notary Public, State of New York
No. 01MA6115921
Qualified in Kings County
Commission Expires Sept. 13, 2012

I, Jennifer Pichardo, hereby declare that I am fluent in Spanish and English. On the _31st_ day of _January_ in the year 2012, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Jennifer Pichardo

33

**DEFENDANTS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN THAI, AS NECESSARY.**

[INSERT THAI TRANSLATION]

DATED: 02/13/12, 2012               By: _____

                                         DAVID BANK IN HIS INDIVIDUAL
                                         CAPACITY

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )


On the 13ᵗʰ day of February in the year 2012 before me, the undersigned personally appeared David Bank, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

**DEFENDANTS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN THAI, AS NECESSARY.**

[INSERT THAI TRANSLATION]

DATED: Feb 21st , 2012          By:  _____

DAVID BANK AS SOLE PRINCIPAL OF
D&D THAI RESTAURANT CORP.,
D/B/A LAND THAI KITCHEN

STATE OF NEW YORK       )
                                            ) ss.:
COUNTY OF NEW YORK  )

On the 21st day of February in the year 2012 before me, the undersigned personally appeared David Bank , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

Notary Public, State of New York
Qualified in New York County
No. 01ME0225566
My Commission Expires 1/26/14

35

จ่ายถึง:

ข้าพเจ้าให้การรับรองว่าตนเองเป็นผู้ลงนามในข้อตกลงประนีประนอมนี้ และขอสละสิทธิ์ในการเรียกร้องความเสียหายใด ๆ
โดยข้าใจเงื่อนไขที่เกี่ยวข้องอย่างครบถ้วนแล้ว โดยได้มีการจัดแปลข้อตกลงนี้และอธิบายให้ข้าพเจ้ารับทราบเป็นภาษาไทยตามความเหมาะสมแล้ว

[แปรูกต้นฉบับภาษาไทย]

วันที่: 02 | 13 _____ 2012          โดย: _____

DAVID BANK ในฐานะผู้มีอำนาจกำกับดูแล D&D
THAI RESTAURANT CORP., D/B/A
LAND THAI KITCHEN โดยเด็ดขาด

มลรัฐนิวยอร์ก              )
                          ) ss.:
เขตพื้นที่นิวยอร์ก        )

         วันที่ _____ เดือน _____ ปี 2012
ข้าพเจ้าให้รับมอบหมายให้เป็นพยานบุคคลสำหรับผู้ลงนามต่อไปนี้ _____
โดยข้าพเจ้าทราบจากหลักฐานอันที่น่าเชื่อถือได้ว่าเป็นบุคคลตามชื่อที่ระบุไว้ในเอกสารข้อมูล
และบุคคลดังกล่าวยอมรับกับข้าพเจ้าว่าได้ดำเนินการนี้โดยมีสติสัมปชัญญะครบถ้วน และโดยการลงนามในเอกสารฉบับนี้
บุคคลดังกล่าวหรือบุคคลที่เป็นตัวแทนบุคคลดังกล่าวเป็นผู้รับรองเอกสารข้อมูลนี้จริง

_____
ลายมือชื่อและที่ทำการของบุคคลผู้ลงนาม
รับทราบข้อตกลง

**DEFENDANTS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN THAI, AS NECESSARY.**

[INSERT THAI TRANSLATION]

DATED: _February 20_ , 2012          By: _____
                                                VANIDA  BANK  IN  HER  INDIVIDUAL
                                                CAPACITY

STATE OF NEW YORK          )
                                          ) ss.:
COUNTY OF NEW YORK   )


On the _20th_ day of _February_ in the year 2012 before me, the undersigned personally appeared _Vanida Bank_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment


CHIEF FUL... ...
Notary Public, State of New York
Qualified in New York County
No. 01ME...566
My Comm... ... 1/26/14

**DEFENDANTS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN THAI, AS NECESSARY.**

[INSERT THAI TRANSLATION]

DATED: _February 20_, 2012         By: _____

VANIDA BANK AS SOLE PRINCIPAL OF VANIDA BANK RESTAURANT, INC., D/B/A RECIPE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

On the _20th_ day of _February_ in the year 2012 before me, the undersigned personally appeared _Vanida Bank_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

CHERYL MENDES
Notary Public, State of New York
Qualified in New York County
No. 01ME6225566
My Commission Expires _7/26/14_

38

**DEFENDANTS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN THAI, AS NECESSARY.**

[INSERT THAI TRANSLATION]

DATED: February 20, 2012          By:  _____

VANIDA BANK AS SOLE PRINCIPAL
OF BZ THAI RESTAURANT, INC., D/B/A
LAND NORTHEAST THAI


STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )


On the 20th day of February in the year 2012 before me, the undersigned personally appeared Vanida Bank, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

CHERYL MEADOWS
Notary Public, State of New York
Qualified in New York County
No. 01ME6225566
My Commission Expires _____

39

**DEFENDANTS:**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO THAI, IF NECESSARY.   I   ENTER   INTO   THIS   AGREEMENT   WITH   A   FULL UNDERSTANDING OF ITS TERMS.**

[

DATED: 2 ~ 11 ~ , 2012          By: _____
                                        SANTY VINAITHONG

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK   )


On the 11th day of February in the year 2012 before me, the undersigned personally appeared Santy Vinaithong personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

CHERYL MEADOWS
Notary Public, State of New York
Qualified in New York County
No. 01ME6225566
My Commission Expires 7/24/14

**DEFENDANTS:**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO THAI, IF NECESSARY. I ENTER INTO THIS AGREEMENT WITH A FULL UNDERSTANDING OF ITS TERMS.**

[

DATED: 2/13, 2012                    By: _____

                                         BORPHIT CHAEMCHAENG

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK  )

     On the 13 day of Feb in the year 2012 before me, the undersigned personally appeared B. Chaemchaeng personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

TERESA RODRIGUEZ
Notary Public, State of New York
Qualified in Kings County
Reg. No. 01RO6195118
My Commission Expires 10-20-2012

2-13-2012

จำเลย:

ข้าพเจ้าให้การรับรองว่าคนเองเป็นผู้ลงนามในข้อตกลงประนีประนอมนี้ และขอสละสิทธิ์ในการเรียกร้องความเสียหายใด ๆ
โดยเข้าใจเงื่อนไขที่เกี่ยวข้องอย่างครบถ้วนแล้ว โดยได้มีการจัดแปลข้อตกลงนี้และอธิบายให้ข้าพเจ้ารับทราบเป็นภาษาไทยตามความเหมาะสมแล้ว

[แทรกคำแปลภาษาไทย]

วันที่: _____ 2012                   โดย: _____

                                                              BORPHIT CHAEMCHAENG

มลรัฐนิวยอร์ก         )
                             ) ss.:
เขตพื้นที่นิวยอร์ก    )


              วันที่ _____ เดือน _____ ปี 2012
ข้าพเจ้าได้รับมอบหมายให้เป็นพยานบุคคลสำหรับผู้ลงนามต่อไปนี้ _____
โดยข้าพเจ้าทราบจากหลักฐานอันที่เชื่อถือได้ว่าเป็นบุคคลตามชื่อที่ระบุไว้ในเอกสารข้อมูล
และบุคคลดังกล่าวยอมรับกับข้าพเจ้าว่าได้ดำเนินการนี้โดยมีสติสัมปชัญญะครบถ้วน และโดยการลงนามในเอกสารฉบับนี้
บุคคลดังกล่าวหรือบุคคลที่เป็นตัวแทนบุคคลดังกล่าวเป็นผู้รับรองเอกสารข้อมูลนี้จริง


_____
ลายมือชื่อและที่ทำการของบุคคลผู้ลงนาม
รับทราบข้อตกลง

**DEFENDANTS:**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO THAI, IF NECESSARY.   I   ENTER   INTO   THIS   AGREEMENT   WITH   A   FULL UNDERSTANDING OF ITS TERMS.**

[

DATED: 2/13 , 2012        By: _____
                                                        KRIT PLOYSOMBOON

STATE OF NEW YORK      )
                                    Queens    ) ss.:
COUNTY OF NEW YORK  )

         On the 13 day of February in the year 2012 before me, the undersigned
personally appeared Krit ploysomboon, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual whose name is subscribed to the within instrument and
acknowledged to me that he executed the same in his capacity, and that by his signature on the
instrument, the individual, or the person upon behalf which the individual acted, executed the
instrument.

_____
Signature and Office of individual
taking acknowledgment

FAWZIA SAMSAIR
Notary Public, State of New York
Qualified in Queens County
Reg. No. 01SA5031508
My Commission Expires Aug. 8, 2014

                    2 13 - 12

จำเลย:

ข้าพเจ้าให้การรับรองว่าตนเองเป็นผู้ลงนามในข้อตกลงประนีประนอมนี้ และขอสละสิทธิ์ในการเรียกร้องความเสียหายใด ๆ
โดยเข้าใจเงื่อนไขที่เกี่ยวข้องอย่างครบถ้วนแล้ว โดยได้มีการจัดแปลข้อตกลงนี้และอธิบายให้ข้าพเจ้ารับทราบเป็นภาษาไทยตามความเหมาะสมแล้ว

[เทรกคำแปลภาษาไทย]

วันที่: _____ 2012          โดย: _____

                                          KRIT PLOYSOMBOON

มลรัฐนิวยอร์ก          )
                          ) ss.:
เขตพื้นที่นิวยอร์ก     )


            วันที่ _____ เดือน _____ ปี 2012
ข้าพเจ้าได้รับมอบหมายให้เป็นพยานบุคคลสำหรับผู้ลงนามต่อไปนี้ _____
โดยข้าพเจ้าทราบจากหลักฐานยืนยันที่เชื่อถือได้ว่าเป็นบุคคลตามชื่อที่ระบุไว้ในเอกสารข้อมูล
และบุคคลดังกล่าวยอมรับกับข้าพเจ้าว่าได้ดำเนินการนี้โดยมีสติสัมปชัญญะครบถ้วน และโดยการลงนามในเอกสารฉบับนี้
บุคคลดังกล่าวหรือบุคคลที่เป็นตัวแทนบุคคลดังกล่าวเป็นผู้รับรองเอกสารข้อมูลนี้จริง


_____
ลายมือชื่อและที่ทำการของบุคคลผู้ลงนาม
รับทราบข้อตกลง

NGOSUWANS:

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT
HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO THAI, IF
NECESSARY.     I ENTER INTO THIS AGREEMENT WITH A FULL
UNDERSTANDING OF ITS TERMS.

[INSERT THAI TRANSLATION] - *ATTACHED*

DATED: *FEBRUARY 22, 2012* ~~2011~~    ~~BY~~ x *Vutichai Ngosuwan*
_____        _____
                                         VUTICHAI NGOSUWAN


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )


        On the 22nd day of *February* in the year ~~2011~~ *2012* before me, the undersigned
personally appeared Vutichai Ngosuwan, personally known to me or proved to me on the basis
of satisfactory evidence to be the individual whose name is subscribed to the within instrument
and acknowledged to me that he executed the same in his capacity, and that by his signature on
the instrument, the individual, or the person upon behalf which the individual acted, executed the
instrument.

_____
Signature and Office of individual
taking acknowledgment

*Notary Public*
*Qualified in Westchester Co.*
*# 02ST6182960*
*Commission expires 3/10/2012*

**NGOSUWANS:**

ข้าพเจ้าให้การรับรองว่าตนเองเป็นผู้ลงนามในข้อตกลงประนีประนอมนี้ และขอสละสิทธิ์ในการที่ถูกจ้องความเสียหายใด ๆ โดยข้าพเจ้าเข้าใจที่เกี่ยวข้องอย่างครบถ้วนแล้ว โดยได้มีการจัดแปลข้อตกลงนี้และอธิบายให้ข้าพเจ้าเข้าใจการเป็นภาษาไทยตามความเหมาะสมแล้ว

[แปลเกี่ยวนิปัทกษะให้ถือ]

วันที่: **Feb. 22**, 2012                โดย:  _X Vutichai Ngosuwan_
                                                                    VUTTICHAI NGOSUWAN

มลรัฐนิวยอร์ก               )
                                        } ss.:
เขตพื้นที่นิวยอร์ก           )


            วันที่ _____ เดือน _____ ปี 2012 ข้าพเจ้าได้รับมอบหมายให้เป็นพยานบุคคลสำหรับ Vuttichai Ngosuwan โดยข้าพเจ้าทราบจากหลักฐานยืนยันที่เชื่อถือได้ว่าเป็นบุคคลตามชื่อที่ระบุไว้ในเอกสารการข้อมูล และบุคคลดังกล่าวยอมรับกับข้าพเจ้าว่าได้ดำเนินการนี้โดยมีสติสัมปชัญญะครบถ้วน และโดยการลงนามในเอกสารฉบับนี้ บุคคลดังกล่าวหรือกับบุคคลที่เป็นตัวแทนบุคคลดังกล่าวเป็นผู้รับรองเอกสารการข้อมูลนี้จริง


_____
ลายมือชื่อและที่ทำการของบุคคลผู้ลงนาม
รับทราบข้อตกลง

NGOSUWANS:

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT
HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO THAI, IF
NECESSARY.    I  ENTER  INTO  THIS  AGREEMENT  WITH  A  FULL
UNDERSTANDING OF ITS TERMS.

[INSERT THAI TRANSLATION]  –  *ATTACHED*

DATED: FEBRUARY 22, 2012    By: _____
                                  UTTAWAN NGOSUWAN

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

        On the 22 day of _____ in the year 2012 before me, the undersigned
personally appeared Uttawan Ngosuwan, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual whose name is subscribed to the within instrument and
acknowledged to me that he executed the same in his capacity, and that by his signature on the
instrument, the individual, or the person upon behalf which the individual acted, executed the
instrument.

_____
Signature and Office of individual
taking acknowledgment

Notary Public
Qualified in Westchester Co.
#02 ST 6182960
Commission expires 3/10/2012

**NGOSUWANS:**

ข้าพเจ้าให้การรับรองว่าตนเองเป็นผู้ลงนามในข้อตกลงประนีประนอมนี้ และขอสละสิทธิ์ในการเรียกร้องความเสียหายใด ๆ
โดยเข้าใจเงื่อนไขที่เกี่ยวข้องอย่างครบถ้วนแล้ว โดยได้มีการดัดแปลงข้อตกลงนี้และอธิบายให้ข้าพเจ้ารับทราบเป็นภาษาไทยตามความเหมาะสมแล้ว

[แทรกที่พิมพ์ลักษณะนำไฟซ์]

วันที่: _____ 2012          โดย: _____
                                          UTTAWAN NGOSUWAN

มลรัฐนิวยอร์ก            )
                              ) ss.:
เขตพื้นที่นิวยอร์ก       )

      วันที่ _____ เดือน _____ ปี 2012 ข้าพเจ้าได้รับมอบหมายให้เป็นพยานบุคคลสำหรับ Uttawan Ngosuwan
โดยข้าพเจ้าทราบจากหลักฐานยืนยันที่เชื่อถือได้ว่าเป็นบุคคลตามชื่อที่ระบุไว้ในเอกสารข้อมูล
และบุคคลดังกล่าวยอมรับกับข้าพเจ้าว่าได้ดำเนินการนี้ในขณะที่มีปัญญาครบถ้วน และโดยการลงนามในเอกสารฉบับนี้
บุคคลดังกล่าวหรือบุคคลที่เป็นตัวแทนบุคคลดังกล่าวเป็นผู้รับรองเอกสารข้อมูลนี้จริง

_____
ลายมือชื่อและที่ทำการของบุคคลผู้ลงนาม
รับทราบข้อตกลง

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------:

Alfonso Ayala Delgado, Leonides Basurto Antonio,
Mario Bautista Gonzalez, Efren Caballero de Jesus,
Rigoberto Candido Anastacio, Salvadore de Jesus
Victoriano, Brigido Juarez Bautista, Hermenegildo
Placido Cano, Ricardo Placido Cano, Camilo Ramos
Flores, Justino Ramos Flores, Edgar Ramos
Lazaro, Antonio Rivera Ramos, Crisantos Rivera
Ramos, and Saul Vasquez Martines a/k/a
Rodrigo Basurto Antonio,

       Plaintiffs,

    v.

D & D Thai Restaurant Corp. d/b/a Land Thai Kitchen,
BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai,
Vanida Restaurant, Inc. d/b/a Recipe, David Bank,
Vanida Bank, Krit Ploysomboon,
Borphit Chaemchaeng, Santy Vinaithong,

       Defendants.

------------------------------------------------------------------------:

**STIPULATION AND
ORDER OF DISMISSAL**

**Case No. 11-CV-1117 (JSR) (HBP)**

   This Court, having considered and inspected the Settlement Agreement between the

Parties in the above-captioned action, IT IS HEREBY ORDERED that: (1) the settlement is

approved; and (2) subject to the provisions of the Settlement Agreement, the above captioned

action is hereby dismissed in its entirety, with prejudice.

| | |
|---|---|
| SPIVAK LIPTON LLP | FOX ROTHSCHILD LLP |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 1700 Broadway, 21st Floor | 100 Park Avenue, Suite 1500 |
| New York, New York 10019 | New York, New York 10017 |
| (212) 765-2100 | (212) 878-7900 |

By: _____ By: _____

   Hope Pordy        Carolyn D. Richmond
   Adrienne L. Saldaña     Eli Z. Freedberg

Dated: _____ Dated: _____

1

SO ORDERED on this _____ day of_____, 2011

_____

Hon. Paul A. Engelmayer
United States District Judge

EXHIBIT B

## EXHIBIT B
## PAYMENT SCHEDULE

| | Apportionment based on 33 1/3% | Initial Installment to be Paid within 30 days of execution of Settlement Agreement | 30% Backpay (W-2) | 70% Other (1099) | 7 Subsequent Installments to be made Quarterly as per Settlement Agreement | 30% Backpay (W-2) | 70% Other (1099) |
|---|---|---|---|---|---|---|---|
| TOTAL SETTLEMENT AMOUNT | $812,500.00 | | | | | | |
| Costs | $28,215.26 | | | | | | |
| Offer Net of Costs | $784,284.74 | | | | | | |
| Attorneys' Fees | | $261,402.10 | | | | | |
| Offer Apportioned to Plaintiffs | | $522,882.64 | | | | | |
| Crisantos Rivera Ramos | | $88,527.51 | $49,556.06 | $14,866.82 | $34,689.24 | $5,567.35 | $1,670.21 | $3,897.15 |
| Hermenegildo Placido Cano | | $13,703.01 | $7,670.69 | $2,301.21 | $5,369.48 | $861.76 | $258.53 | $603.23 |
| Rigoberto Anastacio | | $63,952.03 | $35,799.16 | $10,739.75 | $25,059.41 | $4,021.84 | $1,206.55 | $2,815.29 |
| Alfonso Ayala-Delgado | | $24,578.96 | $13,758.85 | $4,127.66 | $9,631.20 | $1,545.73 | $463.72 | $1,082.01 |
| Antonio Rivera Ramos | | $84,187.58 | $47,126.65 | $14,138.00 | $32,988.66 | $5,294.42 | $1,588.33 | $3,706.09 |
| Edgar Ramos Lazaro | | $48,945.29 | $27,398.67 | $8,219.60 | $19,179.07 | $3,078.09 | $923.43 | $2,154.66 |
| Ricardo (Javier) Placido | | $22,801.16 | $12,763.67 | $3,829.10 | $8,934.57 | $1,433.93 | $430.18 | $1,003.75 |
| Leonides Basurto Antonio | | $19,559.29 | $10,948.93 | $3,284.68 | $7,664.25 | $1,230.05 | $369.02 | $861.04 |
| Justino Ramos Flores | | $60,082.69 | $33,633.18 | $10,089.95 | $23,543.23 | $3,778.50 | $1,133.55 | $2,644.95 |
| Saul Vasquez Martinez | | $21,075.65 | $11,797.76 | $3,539.33 | $8,258.43 | $1,325.41 | $397.62 | $927.79 |
| Efren Caballero de Jesus | | $4,552.56 | $2,548.44 | $764.53 | $1,783.91 | $286.30 | $85.89 | $200.41 |
| Camilo Ramos Flores | | $30,748.98 | $17,212.71 | $5,163.81 | $12,048.90 | $1,933.75 | $580.13 | $1,353.63 |
| Brigido Juarez Bautista | | $22,121.42 | $12,383.16 | $3,714.95 | $8,668.21 | $1,391.18 | $417.35 | $973.83 |
| Mario Bautista Gonzalez | | $8,787.91 | $4,919.31 | $1,475.79 | $3,443.52 | $552.66 | $165.80 | $386.86 |
| Salvador de Jesus Victoriano | | $9,258.50 | $5,182.74 | $1,554.82 | $3,627.92 | $582.25 | $174.68 | $407.58 |
| | | **$522,882.55** | $292,699.98 | | | $32,883.22 | | |

EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
...............................................................x

Alfonso Ayala Delgado, Leonides Basurto Antonio,
Mario Bautista Gonzalez, Efren Caballero de Jesus,
Rigoberto Candido Anastacio, Salvador de Jesus
Victoriano, Brigido Juarez Bautista, Hermenegildo
Placido Cano, Ricardo Placido Cano, Camilo Ramos           Index No.
Flores, Justino Ramos Flores, Edgar Ramos
Lazaro, Antonio Rivera Ramos, Crisantos Rivera
Ramos, and Saul Vasquez Martines a/k/a
Rodrigo Basurto Antonio,

                                 Plaintiffs,           **AFFIDAVIT OF**
                                             **CONFESSION OF**
      v.           **JUDGMENT**

D & D Thai Restaurant Corp. d/b/a Land Thai Kitchen,
BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai,
Vanida Restaurant, Inc. d/b/a Recipe, David Bank,
Vanida Bank, Krit Ploysomboon,
Borphit Chaemchaeng, Santy Vinaithong,

                                  Defendants.
...............................................................x

STATE OF              )
                         ) ss
COUNTY OF           )

David Bank, Social Security No. _____ being duly sworn, deposes and

says as follows:

1.     I reside at _____.

2.     I am the _____ of D &

D Thai Restaurant Corp. d/b/a Land Thai Kitchen, a New York Corporation with offices

at _____, and I am duly authorized to make this affidavit on its

behalf.

3.     D & D Thai Restaurant Corp. is named as a Defendant in Ayala Delgado, et al. v.

D&D Thai Restaurant Corp. d/b/a Land Thai Kitchen, et al., Case No. 11-CV-1117 (JSR)

(HBP), filed in the United States District Court for the Southern District of New York

(the "Litigation").  D & D Thai Restaurant Corp. is also a signatory to a Settlement Agreement and Release dated October _____, 2011 (the "Agreement"), entered into by all parties in the Litigation for the purpose of resolving same.

4.      The Agreement obligates D & D Thai Restaurant Corp., along with certain other individuals and entities named as Defendants in the Litigation, to make payments to those individuals named as Plaintiffs in the Litigation.  Such payments are to be made in eight (8) installments over a two (2) year period.

5.      A copy of the Agreement reflecting the payments to be made is attached herein as Exhibit A.

6.      Pursuant to ¶ 10 of the Agreement, each Defendant is jointly and severally liable to Plaintiffs for the total amount payable to Plaintiffs under the Agreement in the event of default.

7.      D & D Thai Restaurant Corp. hereby confesses judgment herein and, in the event of a default that is not timely cured under ¶ 10 of the Agreement, authorizes judgment to be entered against D & D Thai Restaurant Corp. in the sum total of  $519,800.00  (less credit for any payments made under ¶ 4 of the Agreement), together with reasonable attorneys' fees and the costs of this action, and such credits and additions to be set forth in an affidavit from a representative of the Plaintiffs to be filed herewith, which shall also set forth the facts of the default without cure under ¶ 10 of the Agreement.

8.      The undersigned submits to the jurisdiction of the State of New York, County of New York.

D&D Thai Restaurant Corp. d/b/a Land Thai Kitchen

By:      _____

David  Bank
**[Title ]**

Sworn Before Me This __
Day of _____, 201___


_____
NOTARY PUBLIC

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

................................................................x

Alfonso Ayala Delgado, Leonides Basurto Antonio,
Mario Bautista Gonzalez, Efren Caballero de Jesus,
Rigoberto Candido Anastacio, Salvadore de Jesus
Victoriano, Brigido Juarez Bautista, Hermenegildo
Placido Cano, Ricardo Placido Cano, Camilo Ramos          Index No.
Flores, Justino Ramos Flores, Edgar Ramos
Lazaro, Antonio Rivera Ramos, Crisantos Rivera
Ramos, and Saul Vasquez Martines a/k/a
Rodrigo Basurto Antonio,

                                        Plaintiffs,        **AFFIDAVIT OF**
                                                           **CONFESSION OF**
                       v.                                  **JUDGMENT**

D & D Thai Restaurant Corp. d/b/a Land Thai Kitchen,
BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai,
Vanida Restaurant, Inc. d/b/a Recipe, David Bank,
Vanida Bank, Krit Ploysomboon,
Borphit Chaemchaeng, Santy Vinaithong,

                                        Defendants.

................................................................x


STATE OF                          )
                                  ) ss
COUNTY OF                         )


Vanida Bank, Social Security No. _____ being duly sworn, deposes and

says as follows:

1.     I reside at _____ .

2.     I am the _____ of

Vanida Restaurant, Inc. d/b/a Recipe, a New York Corporation with offices at

_____ , and I am duly authorized to make this affidavit on its

behalf.

3.     Vanida Restaurant, Inc. is named as a Defendant in <u>Ayala Delgado, et al. v. D&D</u>

<u>Thai Restaurant Corp. d/b/a Land Thai Kitchen, et al.</u>, Case No. 11-CV-1117 (JSR)

(HBP), filed in the United States District Court for the Southern District of New York

(the "Litigation").  Vanida Restaurant, Inc. is also a signatory to a Settlement Agreement and Release dated October _____, 2011 (the "Agreement"), entered into by all parties in the Litigation for the purpose of resolving same.

4.      The Agreement obligates Vanida Restaurant, Inc., along with certain other individuals and entities named as defendants in the Litigation, to make payments to those individuals named as Plaintiffs in the Litigation.  Such payments are to be made in eight (8) installments over a two (2) year period.

5.      A copy of the Agreement reflecting the payments to be made is attached herein as Exhibit A.

6.      Pursuant to ¶ 10 of the Agreement, each Defendant is jointly and severally liable to Plaintiffs for the total amount payable to Plaintiffs under the Agreement in the event of default.

7.      Vanida Restaurant, Inc. d/b/a Recipe hereby confesses judgment herein and, in the event of a default that is not timely cured under ¶ 10 of the Agreement, authorizes judgment to be entered against Vanida Restaurant, Inc. in the sum total of  $519,800.00 (less credit for any payments made under ¶ 4 of the Agreement), together with reasonable attorneys' fees and the costs of this action, and such credits and additions to be set forth in an affidavit from a representative of the Plaintiffs to be filed herewith, which shall also set forth the facts of the default without cure under ¶ 10 of the Agreement.

8.      The undersigned submits to the jurisdiction of the State of New York, County of New York.

Vanida Restaurant, Inc. d/b/a Recipe

By:      _____
         Vanida Bank
         [Title ]

Sworn Before Me This __
Day of _____, 201__


_____
NOTARY PUBLIC

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

.................................................................x

Alfonso Ayala Delgado, Leonides Basurto Antonio,
Mario Bautista Gonzalez, Efren Caballero de Jesus,
Rigoberto Candido Anastacio, Salvadore de Jesus
Victoriano, Brigido Juarez Bautista, Hermenegildo
Placido Cano, Ricardo Placido Cano, Camilo Ramos          Index No.
Flores, Justino Ramos Flores, Edgar Ramos
Lazaro, Antonio Rivera Ramos, Crisantos Rivera
Ramos, and Saul Vasquez Martines a/k/a
Rodrigo Basurto Antonio,

                              Plaintiffs,          **AFFIDAVIT OF**
                                                   **CONFESSION OF**
                 v.                                **JUDGMENT**

D & D Thai Restaurant Corp. d/b/a Land Thai Kitchen,
BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai,
Vanida Restaurant, Inc. d/b/a Recipe, David Bank,
Vanida Bank, Krit Ploysomboon,
Borphit Chaemchaeng, Santy Vinaithong,

                              Defendants.

..............................................................x

STATE OF            )
                    ) ss
COUNTY OF           )

David Bank, Social Security No. _____ being duly sworn, deposes and

says as follows:

1.    I reside at _____ .

2.    I am the _____ of BZ

Thai Restaurant, Inc. d/b/a Land NorthEast Thai, a New York Corporation with offices at

_____, and I am duly authorized to make this affidavit on its

behalf.

3.    BZ Thai Restaurant, Inc. is named as a Defendant in Ayala Delgado, et al. v.

D&D Thai Restaurant Corp. d/b/a Land Thai Kitchen, et al., Case No. 11-CV-1117 (JSR)

(HBP), filed in the United States District Court for the Southern District of New York

(the "Litigation").  BZ Thai Restaurant, Inc., is also a signatory to a Settlement

Agreement and Release dated October _____, 2011 (the "Agreement"), entered into by all parties in the Litigation for the purpose of resolving same.

4.     The Agreement obligates BZ Thai Restaurant, Inc., along with certain other individuals and entities named as Defendants in the Litigation, to make payments to those individuals named as Plaintiffs in the Litigation.  Such payments are to be made in eight (8) installments over a two (2) year period.

5.     A copy of the Agreement reflecting the payments to be made is attached herein as Exhibit A.

6.     Pursuant to ¶ 10 of the Agreement, each Defendant is jointly and severally liable to Plaintiffs for the total amount payable to Plaintiffs under the Agreement in the event of default.

7.     BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai hereby confesses judgment herein and, in the event of a default that is not timely cured under ¶ 10 of the Agreement, authorizes judgment to be entered against BZ Thai Restaurant, Inc., in the sum total of $519,800.00  (less credit for any payments made under ¶ 4 of the Agreement), together with reasonable attorneys' fees and the costs of this action, and such credits and additions to be set forth in an affidavit from a representative of the Plaintiffs to be filed herewith, which shall also set forth the facts of the default without cure under ¶ 10 of the Agreement.

8.     The undersigned submits to the jurisdiction of the State of New York, County of New York.

BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai

By:     _____

David  Bank
**[Title ]**

Sworn Before Me This __
Day of _____, 201 __


_____
NOTARY PUBLIC

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
.................................................................x
Alfonso Ayala Delgado, Leonides Basurto Antonio,
Mario Bautista Gonzalez, Efren Caballero de Jesus,
Rigoberto Candido Anastacio, Salvadore de Jesus
Victoriano, Brigido Juarez Bautista, Hermenegildo
Placido Cano, Ricardo Placido Cano, Camilo Ramos        Index No.
Flores, Justino Ramos Flores, Edgar Ramos
Lazaro, Antonio Rivera Ramos, Crisantos Rivera
Ramos, and Saul Vasquez Martines a/k/a
Rodrigo Basurto Antonio,

                              Plaintiffs,              **AFFIDAVIT OF**
                                                       **CONFESSION OF**
                 v.                                    **JUDGMENT**

D & D Thai Restaurant Corp. d/b/a Land Thai Kitchen,
BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai,
Vanida Restaurant, Inc. d/b/a Recipe, David Bank,
Vanida Bank, Krit Ploysomboon,
Borphit Chaemchaeng, Santy Vinaithong,

                              Defendants.
.................................................................x

STATE OF                          )
                                  ) ss
COUNTY OF                         )

Vanida Bank, Social Security No. _____ being duly sworn, deposes and says as
follows:

1.      I reside at _____.

2.      I am named as a Defendant in Ayala Delgado, et al. v. D&D Thai Restaurant Corp. d/b/a
Land Thai Kitchen, et al., Case No. 11-CV-1117 (JSR) (HBP), filed in the United States District
Court for the Southern District of New York (the "Litigation"). I am also a signatory to a
Settlement Agreement and Release dated October _____, 2011 (the "Agreement"), entered into
by all parties in the Litigation for the purpose of resolving same.

3.     The Agreement obligates me, along with certain other individuals and entities named as Defendants in the Litigation, to make payments to those individuals named as Plaintiffs in the Litigation.  Such payments are to be made in eight (8) installments over a two (2) year period. A copy of the Agreement reflecting the payments to be made is attached herein as Exhibit A.

4.     Pursuant to ¶ 10 of the Agreement, each Defendant is jointly and severally liable to Plaintiffs for the total amount payable to Plaintiffs under the Agreement in the event of default.

5.     I confess judgment herein and, in the event of a default that is not timely cured under ¶ 10 of the Agreement, authorize judgment to be entered against me in the sum total of  $519,800.00 (less credit for any payments made under ¶ 4 of the Agreement), together with reasonable attorneys' fees and the costs of this action, and such credits and additions to be set forth in an affidavit from a representative of the Plaintiffs to be filed herewith, which shall also set forth the facts of the default without cure under ¶ 10 of the Agreement.

6.     The undersigned submits to the jurisdiction if the State of New York, County of New York.

_____ _____ ____ _____
Vanida Bank

Sworn Before Me This __
Day of _____ _____, 201___

_____
NOTARY PUBLIC

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
...............................................................x
Alfonso Ayala Delgado, Leonides Basurto Antonio,
Mario Bautista Gonzalez, Efren Caballero de Jesus,
Rigoberto Candido Anastacio, Salvadore de Jesus
Victoriano, Brigido Juarez Bautista, Hermenegildo
Placido Cano, Ricardo Placido Cano, Camilo Ramos     Index No.
Flores, Justino Ramos Flores, Edgar Ramos
Lazaro, Antonio Rivera Ramos, Crisantos Rivera
Ramos, and Saul Vasquez Martines a/k/a
Rodrigo Basurto Antonio,

                    Plaintiffs,     **AFFIDAVIT OF**
                                        **CONFESSION OF**
       v.     **JUDGMENT**

D & D Thai Restaurant Corp. d/b/a Land Thai Kitchen,
BZ Thai Restaurant, Inc. d/b/a Land NorthEast Thai,
Vanida Restaurant, Inc. d/b/a Recipe, David Bank,
Vanida Bank, Krit Ploysomboon,
Borphit Chaemchaeng, Santy Vinaithong,

                    Defendants.
...............................................................x

STATE OF                )
                         ) ss
COUNTY OF           )

David Bank, Social Security No. _____ being duly sworn, deposes and says as
follows:

1.     I reside at _____.

2.     I am named as a Defendant in Ayala Delgado, et al. v. D&D Thai Restaurant Corp. d/b/a

Land Thai Kitchen, et al., Case No. 11-CV-1117 (JSR) (HBP), filed in the United States District

Court for the Southern District of New York (the "Litigation"). I am also a signatory to a

Settlement Agreement and Release dated October _____, 2011 (the "Agreement"), entered into

by all parties in the Litigation for the purpose of resolving same.

3.      The Agreement obligates me, along with certain other individuals and entities named as Defendants in the Litigation, to make payments to those individuals named as Plaintiffs in the Litigation.  Such payments are to be made in eight (8) installments over a two (2) year period. A copy of the Agreement reflecting the payments to be made is attached herein as Exhibit A.

4.      Pursuant to ¶ 10 of the Agreement, each Defendant is jointly and severally liable to Plaintiffs for the total amount payable to Plaintiffs under the Agreement in the event of default.

5.      I confess judgment herein and, in the event of a default that is not timely cured under ¶ 10 of the Agreement, authorize judgment to be entered against me in the sum total of  $519,800.00 (less credit for any payments made under ¶ 4 of the Agreement), together with reasonable attorneys' fees and the costs of this action, and such credits and additions to be set forth in an affidavit from a representative of the Plaintiffs to be filed herewith, which shall also set forth the facts of the default without cure under ¶ 10 of the Agreement.

6.      The undersigned submits to the jurisdiction if the State of New York, County of New York.

_____
David Bank

Sworn Before Me This __
Day of _____, 201___

_____
NOTARY PUBLIC

2

TRANSLATION CERTIFICATIONS



**LEGAL LANGUAGE SERVICES**

An affiliate of ALS International
18 John Street
Suite 300
New York, NY 10038

Telephone (212) 766-4111
Toll Free (800) 788-0450
Telefax (212) 349-0964
www.legallanguage.com

January 20, 2012

To whom it may concern:

This is to certify that the attached translation from English into Spanish is an accurate representation of the document received by this office. This document is designated as:

**SETTLEMENT AGREEMENT AND RELEASE**

George Alves, Manager of Translation Services of this company, certifies that Addy Miro who translated this document, is fluent in Spanish and standard North American English and is qualified to translate.

He attests to the following:

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."

_____
Signature of George Alves

Subscribed and sworn to before me this 20th day of January 2012

Theresa Desrochers
Notary Public, State of New York
No. 01DE6175014
Qualified in New York County
Commission Expires Oct. 01, 2015

Sincerely,

Victor J. Hertz
President & CEO



**TRANSPERFECT**

STATE OF NEW YORK   )
                          )    **ss.:**
COUNTY OF NEW YORK )

I, Imène Reda, have been employed by TransPerfect Translations International Inc. ("TransPerfect") for 4 years and am currently employed as the Department Manager of the Asian Language Pairs Department. In my role, I manage and oversee the department which handles translations to and from Thai for court and other purposes and ensure that as a department we adhere to our strict quality processes. These quality processees are subject to the standards set forth pursuant to both ISO 9001:2008* and EN 15038: 2006** certifications held by TransPerfect, copies of which are attached hereto.

I hereby confirm that, to the best of my knowledge and belief, the attached translation from English into Thai has adhered to those quality standards throughout each step of the process. For this translation, a three step process of translation, editing and proofreading was completed by Thai linguists who have worked with TransPerfect for over 3 years and are native speakers of Thai with fluency and competency in English.

_____
[Name]

Sworn to before me this

02 day of March , 2012
_____
Notary Public

SARAH F MULLEN
Notary Public - State of New York
No. 01MU6245919
Qualified in New York County
Commission Expires Aug 08, 2015

*The International Organization for Standardization (ISO) is a network of the national standards institutes of 147 countries. ISO is used by over 300,000 companies worldwide. With a central secretariat in Geneva, Switzerland, the ISO sets rigorous standards for business, government, and industry. TransPerfect's ISO 9001 certification is the backbone of our Quality Management System. Our quality assurance processes are clearly defined and each step of every assignment is scored and tracked to ensure we maintain the highest levels of quality. BSI, the world's foremost standards, testing, registration, and certification organization, conducted a thorough audit of TransPerfect practices including staffing, training, language production, information management, and quality control measures, prior to awarding ISO certification to our three main production hubs (New York, London, and Hong Kong). Strict oversight of TransPerfect's other satellite locations is also maintained within the scope of BSI's audits.

**In June 2008, TransPerfect Translations became the world's first major translation services provider to earn EN 15038:2006 certification. This standard, put into effect by the European Committee for Standardization (CEN) in 2006, specifically addresses issues of quality within the translation industry. To receive EN 15038:2006 certification, TransPerfect was audited by third-party certifier TV SD, an internationally recognized, independent certifying organization. TV SD assessed TransPerfect on a variety of factors, as outlined by the CEN.



**Product Service**

# CERTIFICATE
## No.   Z2D 11 11 67198 003

**Holder of Certificate:** **TransPerfect Translations**

TRANSPERFECT

3 Park Avenue 39th Floor
New York NY 10016
USA

**Certification Mark:**

**Subject of Certificate:** **Translation services**

**Scope of Certificate:** **Language solutions in over 100 languages in the form of translation and multilingual desktop publishing services for companies worldwide**

**Parameters:**

| Language(s): | All world languages |
|---|---|

Branches of Transperfect Translations see page 2

**Tested according to:**   EN 15038:2006

The editorial department / documentation / service was tested on a voluntary basis and complies with the essential requirements. The certification mark shown above can be affixed on the product. The certification marks must not be altered in any way. See also notes overleaf.

**Test report no.:**   DT 1107534-2011

**Valid until:**   2014-11-20

**Date,**   2011-11-21   ( Dr. Benedikt Hendan )

Page 1 of 2



# Certificate
## Nr. Z2D 11 11 67198 003



**Product Service**

Branches of TransPerfect Translations

**TransPerfect Translations Ltd.**
**120 Fenchurch Street**
**4th Floor**
**London, EC3M 5BA**
**United Kingdom**

**TransPerfect Translations Ltd.**
**Units 1704-5, 17F, Universal Trade Centre**
**3-5A Arbuthnot Road**
**Central, Hong Kong**
**China**

**TransPerfect Translations S.L.**
**Passeig de Gràcia 11, Escalera A Planta 3**
**08007 Barcelona**
**Spain**



# Certificate
# of Registration

**QUALITY MANAGEMENT SYSTEM - ISO 9001:2008**

*This is to certify that:*

**TransPerfect Translations**
**3 Park Avenue**
**39th Floor**
**New York**
**New York**
**10016**
**USA**



*Holds Certificate No.:* **FS 76545**

*and operates a Quality Management System which complies with the requirements of ISO 9001:2008 for the following scope:*

The production and delivery of language solutions in over 100 languages in the form of translation, interpreting, linguistic validation, multilingual desktop publishing and graphic services, website globalization, software localization, interactive voice response systems (IVRs), voice-overs, subtitling, and multicultural marketing for companies worldwide, including management and oversight of satellite sales locations.

*For and on behalf of BSI:*

*President, BSI America, Inc.*

*Originally Registered:* **11/27/2003**          *Latest Issue:* **11/04/2009**          *Expiry Date:* **11/21/2012**

 

*Page:* 1 of 1

This certificate remains the property of BSI and shall be returned immediately upon request.
An electronic certificate can be authenticated _online._ Printed copies can be validated at www.bsigroup.com/ClientDirectory
To be read in conjunction with the scope above or the attached appendix.
Americas Headquarters: 12110 Sunset Hills Road, Suite 200, Reston, VA 20190, USA.

